(117 App. Div. 791)

### BROTHERTON v. BARBER ASPHALT PAVING CO.

(Supreme Court, Appellate Division, Second Department.   March 8, 1907.)

TRIAL—ARGUMENT—COMMENT ON FAILURE OF WITNESS TO TESTIFY.

Defendant's counsel, in an action for personal injuries, may comment on the failure of the physician who attended plaintiff to testify, especially when plaintiff on her cross-examination has sought to explain his absence and failure to testify.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 299.]

Appeal from Trial Term, Richmond County.

Action by Irving Brotherton against the Barber Asphalt Paving Company.  From a judgment for plaintiff, and from an order, defendant appeals.  Reversed, and new trial granted.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Eugene Lamb Richards, Jr. (Rutherford B. Meyer, on the brief), for appellant.

Jacob S. Strahl, for respondent.

WOODWARD, J.   We are of the opinion that there must be a reversal in this case.  It appears that at the trial the physician who treated the plaintiff for the injuries complained of, and who had treated him for injuries received in a prior accident, was not present as a witness, and did not testify.  On the cross-examination of the plaintiff, he undertook to explain away the absence of his physician, and, after stating that he had had another accident from which he was under the doctor's care he continued:

"I had no swelling of the leg as the result of that.  Hiller was my doctor at that time.  He is not here just at present.  He is at Portage, I believe. I have not made any efforts to communicate with him about this case to-day. He has been here every day.  I expect to see him here to-day.  I was here for awhile yesterday.  This case was answered 'Ready' for me.  I was not here present when it was answered.  I knew it was marked 'Ready.'  I was talking with my doctor yesterday.  I told him it would probably be reached by the last of this week.  It was on the bottom of the calendar yesterday.  That was yesterday I communicated with him.  It was just at the noon hour, when you went out to lunch here.  I have not seen him since."

When counsel for the defendant summed up, he undertook to comment upon the failure of the plaintiff to produce his physician as a witness, and the following colloquy took place between the court and counsel:

"Mr. Richards:  I must be allowed to refer to the absence of this doctor as a very proper thing.  The Court:  I am going to hold to the contrary. The case was forced on to trial under circumstances where there was evidently some misunderstanding.  I enforced the rule of the court, and compelled the plaintiff to go to trial, and I am going to charge the jury that, under the circumstances under which this case went to trial, they must draw no inference one way or the other from the absence of the doctor."

To this remark counsel for the defendant excepted.

We think it is a well-established rule of practice that where a witness who bears the relation to a party such as the doctor bore to the plaintiff in this case, and such witness was not produced upon a trial, the op-

posing counsel may call attention to the fact, and comment upon it with a view of having the jury infer the witness was not called because his testimony would not have been favorable to the plaintiff's case. This seems the more proper in this particular case because the plaintiff, upon his cross-examination (heretofore quoted), had under oath sought to explain such absence and failure to testify, and the jury had the full benefit of that explanation. The statement of the court as to what occurred before the jury was impaneled, and before the case was on trial, cannot be substituted for evidence.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.