■ Francis Zedda, Respondent, v Richard Albert, Appellant, et al., Defendant. (And a Related Action.) [650 NYS2d 301]

—In an action to recover damages for personal injuries, the defendant Richard Albert appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 12, 1995, which denied his motion for summary judgment dismissing the plaintiff's complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the complaint is. dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

This negligence action arises out of an accident in which the plaintiff Francis Zedda was riding his three-wheel all-terrain vehicle (hereinafter ATV) on a rural piece of land owned by the defendant Richard Albert. The plaintiff claimed that he was chased off of the property by the codefendant Arthur Radek, and into a steel cable strung across a path just outside the property. The plaintiff was thrown from his ATV when he struck the cable. The instant action was commenced against both Albert and Radek, alleging, *inter alia*, that Albert was vicariously liable for the negligence of Radek, his alleged agent. Albert moved for summary judgment dismissing the complaint insofar as asserted against him on the grounds that Radek was not acting as his agent when he chased the plaintiff off of the property, and, even if he was, the pursuit of the plaintiff was not a proximate cause of the accident. The Supreme Court denied the motion. We now reverse.

The general rule is that a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts *(see, Kleeman v Rheingold,* 81 NY2d 270, 273; *see also,* 3 NY Jur 2d, Agency and Independent Contractors, § 342). This rule is based on the premise that one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor *(see, Feliberty v Damon,* 72 NY2d 112, 118).

Where, as here, the proof on the issue of control presents no conflict in evidence or is undisputed, the matter may properly be determined by the court as a matter of law *(see, Berger v Dykstra,* 203 AD2d 754). At the time of the accident Radek had "full authority as to who [had] the right to enter" Albert's property, pursuant to a letter signed by Albert dated October 17, 1988. In exercising this authority, Radek was not paid by Albert, nor did he receive any other benefits for his services. He was not prevented from holding other employment. Albert

never accompanied Radek to the property, nor did he give him any direction or instruction with regard to the method and manner to use in deciding who could enter the property *(see, Matter of Morton,* 284 NY 167). Albert was unaware if Radek ever patrolled the property on a regular basis and never instructed him to do so. Radek entered the property at his own convenience whenever he pleased, often using his own ATV. Radek's testimony at his examination before trial indicates that his motivation in obtaining authority from Albert was not to advance Albert's interests, but rather to protect and preserve his own neighboring property, after gunshots fired from Albert's property struck trees on his land. The plaintiff having failed to put forth any contradictory evidence, this record does not support the existence of any question of fact that could lead to the conclusion that Albert supervised Radek's activities for vicarious liability purposes *(see, Lazo v Mak's Trading Co.,* 84 NY2d 896; *Berger v Dykstra, supra).* Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.