■ MARY DOWLING, Respondent, v 257 ASSOCIATES, Appellant. [652 NYS2d 736] —Judgment, Supreme Court, New York County (Edward Lehner, J., and a jury), entered March 18, 1996, awarding plaintiff tenant damages against defendant landlord in an action for personal injuries, unanimously affirmed, without costs.

Defendant's nondelegable duty under Multiple Dwelling Law § 78 to maintain the premises in good repair renders it vicariously liable for any negligence on the part of the independent contractor in repairing the window that fell on plaintiff (*see, Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668; *Mas v Two Bridges Assocs.*, 75 NY2d 680, 687). On the issue of negligence, the court properly charged res ipsa loquitur in view of the evidence that the contractor hired by defendant had finished working on the window only moments before plaintiff tried to close it, and the absence of circumstances pointing to a cause other than the contractor's negligent performance. Defendant's other points are also without merit. A missing witness charge with respect to plaintiff's original treating physician was properly refused since his testimony would have been cumulative to that of the testifying treating physicians (*see, Dukes v Rotem*, 191 AD2d 35, 38-39, *appeal dismissed* 82 NY2d 886). The trial court's admission of X-rays for which plaintiff had not provided defendant with authorizations was a proper exercise of discretion (*see,* 22 NYCRR 202.17 [h]), where defendant received a doctor's report that explicitly identified those X-rays in the course of interpreting them, plaintiff gave her doctor authorization to make her entire file, including the X-rays, available to defendant, and defendant never requested either an authorization from plaintiff nor the X-rays from the doctor. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Andrias, JJ.