■ WILLIAM MERCADO, Respondent, v SLOPE ASSOCIATES, Appellant. (And a Third-Party Action.) [667 NYS2d 289] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated January 16, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is granted.

The defendant contends, *inter alia,* that the Supreme Court erred in denying its motion for summary judgment because it cannot be held vicariously liable for the alleged negligence of the independent contractor hired to paint the decedent's apartment. We agree. It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done (*see, Kleeman v Rheingold,* 81 NY2d 270, 273; *Zedda v Albert,* 233 AD2d 497). The plaintiff's submissions in opposition to the defendant's motion for summary judgment failed to demonstrate that the defendant exercised any control over the method or manner in which the independent contractor performed its duties, and were thus insufficient to raise a triable issue of fact as to whether the defendant supervised the independent contractor for vicarious liability purposes. Furthermore, although an exception to the general rule against vicarious liability exists where a landlord breaches its nondelegable duty under Multiple Dwell-

ing Law § 78 to maintain the premises in good repair, this exception is not applicable under the circumstances of this case (*cf., Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Dowling v 257 Assocs.,* 235 AD2d 293). O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.