■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WATERS, Appellant. [680 NYS2d 251] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered July 9, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There was ample evidence of defendant's participation in the sale, including evidence that he directed the undercover officer to the seller for the purchase of cocaine, remained in the area after the sale was consummated and received $14 out of the $15 proceeds of the sale from the seller. The jury was entitled to reject defendant's loan repayment explanation.

Defendant's contention that the court should have given a circumstantial evidence charge has not been preserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find that no such charge was necessary, because the evidence against defendant was not entirely circumstantial (*see, People v Roldan*, 88 NY2d 826). Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.

■ EURIPEDES PADILLA, Appellant, v CITY OF NEW YORK, Respondent. [680 NYS2d 503] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered April 17, 1998, upon a jury verdict, in defendant's favor, unanimously affirmed, without costs.

The trial court did not err by denying plaintiff's request for a missing witness charge where testimony by the Emergency Medical Service technician who refused to testify would have been cumulative of the testimony of his partner on the material issue of where plaintiff was found (*see, e.g., Dowling v 257 Assocs.*, 235 AD2d 293; *Lipp v Saks*, 129 AD2d 681, 683), and where defense counsel adequately explained the witness's lack of availability (*see, People v Gonzalez*, 68 NY2d 424, 428). Moreover, we note that plaintiff was allowed to mention the witness's absence in summation (*see, DeVaul v Carvigo, Inc.*, 138 AD2d 669, *lv denied* 72 NY2d 806, *appeal dismissed* 72 NY2d 914), and that any error in restricting comment in this regard was harmless. Finally, we discern no improvident exercise of discretion in the trial court's rulings sustaining certain objections to questions asked by plaintiff's counsel on cross-examination (*see, People v Sandoval*, 34 NY2d 371, 374; *Murphy v Estate of Vece*, 173 AD2d 445). Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.