■ DAVID KOREN, Plaintiff, v JOHN ZAZO, Defendant. (Action No. 1.) DAVID KOREN, Respondent, v VIVALDI, INC., Defendant and Third-Party Plaintiff-Appellant. FORD MOTOR CREDIT COMPANY, Third-Party Defendant-Appellant. (Action No. 2.) [691 NYS2d 549] —In related actions to recover damages for personal injuries, (1) the defendant in Action No. 2, Vivaldi, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 17, 1998, as denied its motion pursuant to CPLR 3212 for summary judgment dismissing the complaint in Action No. 2, and (2) the third-party defendant in Action No. 2, Ford Motor Credit Company, separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint in Action No. 2.

Ordered that the order is reversed, with one bill of costs, the motions are granted, and the complaint and third-party complaint in Action No. 2 are dismissed.

David Koren, the plaintiff in Action Nos. 1 and 2, was involved in a motor vehicle accident with John Zazo, the defendant in Action No. 1. The plaintiff subsequently commenced Action No. 2 against Vivaldi, Inc. (hereinafter Vivaldi), in which he alleged that Zazo was a Vivaldi employee and was acting within the scope of his employment at the time of the accident. Vivaldi, in turn, commenced a third-party action for indemnification against Ford Motor Credit Company (hereinafter Ford), the owner of the vehicle driven by Zazo.

Vivaldi moved for summary judgment in Action No. 2 on the ground that Zazo was an independent contractor, not Vivaldi's employee. As a general rule, the determination of whether an employer-employee relationship exists rests upon evidence that the employer "exercises control over the results produced by its salespersons or the means used to achieve the results" (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897). However, control over the means is the more important factor to be considered (*Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725).

Vivaldi submitted evidence that Zazo was compensated by the payment of commissions against his sales and that he was given no specific instructions about his duties as a sales representative. Vivaldi did not provide Zazo with contacts. Instead, Zazo found his clients "by driving and research and shows", and he arranged business appointments himself. Zazo did not receive an allowance for automobile expenses from Vivaldi, and Vivaldi did not provide Zazo with any medical benefits. Vivaldi issued a 1099 tax form to Zazo regarding his compensation. In his application for no-fault benefits in connection with the accident which underlies these actions, Zazo described his occupation as "Salesperson—Independent Contractor", and he indicated that he had not applied for Workers' Compensation benefits.

In opposition to the motion, the plaintiff relied on evidence that Zazo derived all of his income from his relationship with Vivaldi during the year in which the accident occurred and that Zazo was allowed to meet with clients in the Vivaldi showroom. We conclude that this evidence was insufficient to raise a triable issue of fact as to the existence of an employer-employee relationship. As it is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts, Vivaldi was entitled to summary judgment dismissing the complaint in Action No. 2 (*see, Mer-*

*cado v Slope Assocs.,* 246 AD2d 581; *Zedda v Albert,* 233 AD2d 497; *Berger v Dykstra,* 203 AD2d 754).

In view of the dismissal of the complaint against Vivaldi in Action No. 2, Vivaldi's third-party complaint against Ford for indemnification must also be dismissed. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.