■ MARY ROKICKI et al., Respondents, v 24 HOUR COURIER SERVICE, INC., Appellant, et al., Defendant. [744 NYS2d 41] —In an action to recover damages for personal injuries, etc., the defendant 24 Hour Courier Service, Inc., appeals from an order of the Supreme Court, Kings County (Jones, J.), dated July 17, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against it.

The plaintiff Mary Rokicki (hereinafter the plaintiff), allegedly sustained personal injuries on November 15, 1994, when a bicycle ridden by the defendant Dave Smith, a messenger, collided with her. Smith alleges he was an employee of the defendant 24 Hour Courier Service, Inc. (hereinafter 24 Hour). 24 Hour contends that Smith is an independent contractor. There is a dispute whether Smith was making deliveries for 24 Hour, Interco Courier Service, Inc., or Minute Men Messenger Services at the time of the incident. At one time or another, and sometimes simultaneously, he worked for all three.

There is no dispute that Smith owned his own bicycle, used his own judgment on when and how he made deliveries, wore no uniform, was paid only for each delivery he made, and was free to make deliveries for other companies. His 1099 forms did not indicate deductions for taxes, social security, or any other benefits (see Greene v Osterhoudt, 251 AD2d 786; Stevens v Spec, Inc., 224 AD2d 811; Lazo v Mak's Trading Co., 199 AD2d 165, affd 84 NY2d 896). It is equally clear that 24 Hour did not exercise any control over the method and means of Smith's work and he was free to seek other employment (see Zedda v Albert, 233 AD2d 497).

An employer who hires an independent contractor is not liable for the negligent acts of the independent contractor because the employer has no right to control the manner in which the work is to be done (see Kleeman v Rheingold, 81 NY2d 270; Lazo v Mak's Trading Co., supra; Matter of Morton, 284 NY 167). The plaintiffs' submissions in opposition to the prima facie case made by 24 Hour for summary judgment failed to demonstrate that 24 Hour exercised any control over the method or manner in which Smith performed his duties, and thus were insufficient to raise a triable issue of fact as to whether 24 Hour supervised Smith for vicarious liability purposes. Accordingly, 24 Hour was entitled to summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.