OPINION OF THE COURT
Eileen N. Nadelson, J.
This action was brought pursuant to Insurance Law § 5102 (d) (New York’s No-Fault Insurance Law) for personal injuries sustained by plaintiff pedestrian when she was struck by defendant motorist. As part of her case-in-chief, plaintiff produced her treating physician, a doctor specializing in family practice and trauma medicine, to testify as to the nature of her alleged *624 injuries and the course of treatment he prescribed. The physician testified that he had plaintiff submit to tests performed by a neurologist and an orthopedic surgeon who practice in his office, and have injections for pain administered by an anesthesiologist who also works in his office. The treating physician testified that his diagnosis and course of treatment for plaintiff were based on the reports of tests and treatments he received from these other medical specialists, and his diagnosis based on those reports was introduced into evidence as part of the treating physician’s medical records. The actual tests performed by the specialists were redacted from the records as hearsay. Under oath, the treating physician gave his medical opinion of plaintiffs injuries based on his own tests, treatments and observations, as well as the reports of the above-described specialists associated with his office. The physician treated the plaintiff on a regular basis for approximately six months.
Defendant moved the court to include as part of its charge to the jury a missing witness charge based on plaintiffs failure to produce the neurologist, orthopedic surgeon and anesthesiologist who examined plaintiff and performed the tests, the reports of which were testified to by the treating physician. Plaintiff argued that those medical specialists were not called to testify because their testimony would be cumulative and that plaintiff could not afford to call all of the doctors who examined her. Plaintiff further contended that those medical specialists were not under her control and therefore a missing witness charge would be inappropriate.
In essence, PJI 1:75 as promulgated by the Association of Supreme Court Justices of the State of New York states that the jury may infer the strongest inference against the party who failed to produce the witness unless it finds that party’s explanation was reasonable as to why the witness was not called. This charge to the jury underscores the adverse inference opposing counsel may call attention to during cross-examination and summation.
At the outset it must be stated that the rule is well established that counsel may comment on the failure of an adverse party to call a witness who is within that party’s control under the presumption that the testimony would have been unfavorable to that party. (Brotherton v Barber Asphalt Paving Co., 117 App Div 791 [2d Dept 1907]; Seligson, Morris & Neuburger v Fairbanks Whitney Corp., 22 AD2d 625 [1st Dept 1965].) However, although such comment is permitted during counsel’s summation, in order to warrant a charge to the jury to that effect certain other requirements must be met.
*625 Case law has established four predicate requirements to mandate the court to instruct the jury on the adverse inference that may be drawn from a party’s failure to call a witness:
(1) the witness must be under the supervision or control of the party who failed to call him or her (Savage v Shea Funeral Home, 212 AD2d 875 [3d Dept 1995]);
(2) the witness must possess information on a material issue (Jackson v County of Sullivan, 232 AD2d 954 [3d Dept 1996]);
(3) the testimony would not be cumulative (Gardiner v Wer-theimer, 256 AD2d 381 [2d Dept 1998]); and
(4) there is no reasonable explanation for not calling the witness (Dayanim v Unis, 171 AD2d 579 [1st Dept 1991]).
Unless these four requirements have been met, the court should not proffer a missing witness charge, but the party may still comment upon it during summation. (Padilla v City of New York, 255 AD2d 271 [1st Dept 1998].) Each of these requirements shall be addressed in sequential order.
(1) No inference may be drawn from a party’s failure to call a witness unless it can be evidenced that the witness is within the control of the party against whom the inference is sought to be drawn. (Hayden v New York Rys. Co., 233 NY 34 [1922]; Hershkowitz v Saint Michel, 143 AD2d 809 [2d Dept 1988].) Although this concept of control has historically encompassed employees (Annotation, Comment, In Argument of Civil Case On Adversary’s Failure to Call Employee as Witness, 68 ALR2d 1072, 1078, § 4 [a]), modern courts have defined control in a very broad sense so as to include persons under the influence of the party (see Safdie v City New York, 138 AD2d 361 [2d Dept 1988]), as well as those persons who bear a special or personal relationship to the party (La Lima v Fath, 36 AD2d 923 [1st Dept 1971]). The party’s doctor, in an action involving the party’s physical condition, has been held to fall within the category of persons within the party’s control. (Brotherton v Barber Asphalt Paving Co., supra.)
In the instant case plaintiff did call her treating physician to testify on her behalf; her failure to do so would give rise to the negative inference of the missing witness charge. (Dudek v Call, 275 AD2d 992 [4th Dept 2000].) The other medical specialists only examined plaintiff and performed certain tests. They were not plaintiffs treating physicians.
In Rudnik v Norwich Pharm. Co. (34 AD2d 912 [1st Dept 1970]) the Court refused to charge the jury with the missing witness charge with respect to the doctor who only adminis *626 tered the drug to the plaintiff. The Court held that such a physician, with limited association with the plaintiff, did not fall within the party’s control. Applying this theory to the case at bar, plaintiff’s failure to call her treating physician’s medical associates to testify does not automatically warrant the missing witness charge since they were not directly within her control. (La Lima v Fath, op. cit.)
(2) The witnesses who were not called to testify administered and prepared reports on MRI examinations, X rays and injections. In Bonner v Lee (255 AD2d 1005 [4th Dept 1998]), the Court held that the failure of that plaintiff to call one of her treating physicians and two radiologists who prepared reports on MRI examinations of plaintiff did not warrant the Court granting defendant’s request for a missing witness charge. Although those witnesses possessed information material to the issue at hand, the Court concluded that the plaintiff calling her primary treating physician was sufficient to consider the other doctor’s testimony unnecessary.
In Colezetti v Pircio (214 AD2d 926 [3d Dept 1995]) the Court held that a missing witness charge was unwarranted where the treating physician testified with regard to the reports he received from consulting specialists and those specialists only saw the patient one or two times. The Court found that under these circumstances the testimony of the specialists would not add anything material to the case.
Based on the foregoing the court concludes that the anesthesiologist, neurologist and orthopedic surgeon would not have added any material testimony.
(3) Under the circumstances of this case, the testimony of the medical specialists plaintiff failed to call would be cumulative. The results of their examinations and tests were testified to by the treating physician who stated that he used those results to establish plaintiff’s course of treatment. (Belmont v Palm Beach Club, 244 AD2d 904 [4th Dept 1997] [missing witness charge was properly denied with respect to plaintiff’s neurologist because the testimony he might have been expected to give was already before the jury through other testimony and records]; Butts v Braun, 204 AD2d 1069 [4th Dept 1994] [testimony that the plaintiff suffered a herniated disk would be cumulative because that injury was already in the record through reports and medical testimony]; Getlin v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 117 AD2d 707 [2d Dept 1986] [the court properly refused to charge the jury with a missing witness charge when there is nothing to indicate that *627 the doctor’s testimony would not merely be cumulative of the testimony of the plaintiffs treating physician].)
(4) On the record plaintiffs counsel stated that the reasons for not calling the neurologist, anesthesiologist and orthopedic surgeon were both financial, because the plaintiff possessed limited means and already had a lien on any judgment for $12,000 for unpaid medical bills, and the belief that their testimony would only be cumulative of that of the treating physician. Under these circumstances, and for the reasons stated above, the court believes that a missing witness charge is not warranted.
Based on the foregoing, the court denies defendant’s motion to include a missing witness charge in its instructions to the jury. This in no way affects defendant’s ability to comment on the doctors’ nonappearance during closing argument.