■ SHEILA METLING, Respondent, v PUNIA & MARX, INC., et al., Appellants. [756 NYS2d 262] —In an action to recover damages for personal injuries, the defendants appeal from an order

of the Supreme Court, Kings County (Schmidt, J.), dated October 18, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a tenant in a building owned and managed by the defendants, allegedly slipped and fell on water as she stepped out of the elevator on her way to the laundry room on the seventh floor of the building. After she fell, she saw that the water was seeping from a toilet that recently had been removed from an apartment and set against the wall opposite the elevator. The plaintiff did not recognize the man standing next to the toilet as a regular employee of the building. The plaintiff did not know how long the water had been there and had never complained about water in the hallway before her fall.

At the time of the accident, the building was involved in a low-flush toilet exchange program sponsored by the City of New York for the purpose of water conservation. The defendants had hired Reliable Mechanical Plumbing and Heating, Inc. (hereinafter Reliable), a company in which Irving Brofsky, a licensed plumber, was a partner, to do the replacement work.

To succeed on their motion for summary judgment, the defendants had to show that they neither created the defective condition nor had either actual or constructive notice thereof and a reasonable time within which to correct it (see *Goldman v Waldbaum, Inc.*, 297 AD2d 277 [2002]; *Maguire v Southland Corp.*, 245 AD2d 347 [1997]).

Accepting the plaintiff's version of the occurrence as true for the purposes of this motion, and relying on the sworn statements of both the plaintiff and the building manager, the defendants satisfied their initial burden of showing that they had no actual or constructive notice of the condition.

The defendants also claim they are not liable for creating the alleged condition because it was created by an independent contractor, Reliable. In response, the plaintiff contends, inter alia, that the defendants exercised sufficient control over the work done by Reliable to hold them vicariously liable for any torts committed by Reliable.

As a general rule, a party who engages an independent contractor is not liable for the independent contractor's negligent acts (see *Kleeman v Rheingold,* 81 NY2d 270, 273 [1993]; see also *Rosenberg v Equitable Life Assur. Socy. of U.S.,* 79 NY2d 663 [1992]). The rule developed from the premise that

the employer of an independent contractor has no right to control the manner in which the contractor's work is to be done and that it is therefore more sensible to place the risk of loss on the contractor (*see Zedda v Albert,* 233 AD2d 497, 498 [1996]; *Mercado v Slope Assoc.,* 246 AD2d 581 [1998]).

It is clear from the record that Reliable was a licensed plumbing concern hired by the defendants for this particular project. The critical question with respect to whether Reliable can be considered an employee of the defendants for the purpose of imposing vicarious liability on the defendants, is whether the defendants exercised control over the method and means by which Reliable did its work (*see Mercado v Slope Assoc., supra*).

The record indicates that Reliable provided its men with all their tools and materials, paid their salaries, and determined the hours and number of plumbers to send to the premises. Reliable's men performed all the physical work of closing the water valves, removing the toilets, carrying them to a storage place in back of the building, and installing the new replacements, without the assistance of any of the defendant's employees. According to Brofsky, no one from the defendants' staff told the Reliable plumbers how to go about performing the work involved at any time, nor did they instruct Reliable or its employees to store toilet bowls in the hallway.

After the defendants made out a prima facie case for summary judgment, the plaintiff's submissions in opposition failed to raise a triable issue as to whether the defendants interfered with or assumed control over the work so as to hold them vicariously liable for creating the hazardous condition (*see Rokicki v 24 Hour Courier Serv.,* 294 AD2d 555 [2002]; *Feliberty v Damon,* 72 NY2d 112 [1988]). Further, the plaintiff did not show that any of the exceptions to the general rule on independent contractor liability are applicable here (*see e.g. Taylor v Park Towers S. Co.,* 293 AD2d 668 [2002], *lv denied* 98 NY2d 612 [2002]).

The plaintiff admitted that she did not know how long the condition existed before her fall, and that she never complained about water in the hallway before her fall. Since the plaintiff failed to raise a triable issue as to whether the defendants were liable for creating the condition, or had notice thereof, summary judgment should have been granted to the defendants (*see Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065 [1979]).

The plaintiff's remaining contentions are either without merit or unpreserved for appellate review. Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.