■ Teri-Ann Caruso-Goleeke et al., Respondents, v Accurate Fence, Defendant, Cipco Fence, Appellant, and Safeguard Fence Co., Inc., Respondent. (And a Third-Party Action.) [759 NYS2d 143] —In an action to recover damages for personal injuries, etc., the defendant Cipco Fence appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated July 25, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In June 1998 the injured plaintiff was employed as a sales manager for a Staples store in Queens. At the rear of the store was a chain-link fence which had two different gates: one was an ordinary hinged gate which swung open, and the other was a rolling gate which slid open and closed by means of wheels on a track. The injured plaintiff allegedly sustained personal injuries when the rolling gate fell off its track and fell on her while she was attempting to close it. She and her husband subsequently commenced the instant action against, among others, the defendants Cipco Fence (hereinafter Cipco) and Safeguard Fence Co., Inc. (hereinafter Safeguard) to recover damages, inter alia, for personal injuries which she allegedly sustained in the incident. They alleged, inter alia, that Cipco and Safeguard repaired the fence at the Staples store.

The Supreme Court erred in denying Cipco's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, Cipco sufficiently established that it neither repaired the rolling gate itself, nor controlled the repair work on the gate which had

been performed by Safeguard (*see Lazo v Mak's Trading Co.,* 84 NY2d 896 [1994]; *Metling v Punia & Marx,* 303 AD2d 386 [2003]; *Rokicki v 24 Hour Courier Serv.,* 294 AD2d 555 [2002]; *Dente v Staten Is. Univ. Hosp.,* 252 AD2d 534 [1998]; *Zedda v Albert,* 233 AD2d 497 [1996]). In opposition to Cipco's motion, neither the plaintiffs nor Safeguard raised a triable issue of fact. Prudenti, P.J., Ritter, S. Miller and Schmidt, JJ., concur.