■ PATRICK QUINN, Plaintiff, v HILLSIDE DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent. COUNTRY CENTER ROOFING CO., INC., Third-Party Defendant-Appellant. [765 NYS2d 524] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered August 29, 2002, which denied its motion pursuant to Workers' Compensation Law § 11 for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a ladder slipped out from under him while he was descending from a roof on a building owned by the defendant Hillside Development Corp. (hereinafter Hillside). He commenced this action against Hillside, seeking damages for personal injuries. Hillside commenced a

third-party action against County Center Roofing Co., Inc. (hereinafter CC Roofing). Hillside alleged that the plaintiff was attempting to hold it vicariously liable for the negligence of CC Roofing, which provided the ladder, and sought indemnity. CC Roofing moved pursuant to Workers' Compensation Law § 11 for summary judgment dismissing the third-party complaint, contending that a third-party action against it was precluded because, inter alia, the plaintiff was injured while in the course of his employment with CC Roofing and did not sustain a grave injury (*see Thompson v Janowitz Constr. Corp.*, 301 AD2d 588 [2003]; *Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556, 558-559 [2002]; *Guijarro v V.R.H. Constr. Corp.*, 290 AD2d 485, 486 [2002]). However, in opposition to the motion, Hillside raised a triable issue of fact as to whether the plaintiff was, in fact, an employee of CC Roofing (*cf. Abouzeid v Grgas*, 295 AD2d 376 [2002]; *Koren v Zazo*, 262 AD2d 287 [1999]; *Matter of Pavan*, 173 AD2d 1036 [1991]). Accordingly, the motion was properly denied. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.