In an action, inter alia, to recover damages for personal injuries, etc., the defendants Stephen M. Babinsky and Neda Babinsky appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated February 25, 2003, which denied their motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.
The appellants and the plaintiffs are neighbors. The appellants hired the codefendants Merwin Still and M. Still Equipment Corporation (hereinafter the Still defendants) as independent contractors to repair the driveway of their single-family residence. On June 11, 2002, when the appellants were not at home, the Still defendants’ truck rolled down the street into the plaintiffs’ house, allegedly causing the plaintiffs to sustain physical injuries. The plaintiffs commenced the instant action against the Still defendants and the appellants;
The appellants moved for summary judgment based upon their affidavits stating that they did not direct or control the repair work being done to the driveway on their property and did not own or operate the truck in question. The plaintiffs, in opposition, submitted an attorney’s affirmation stating that “the nature of the terrain” of the appellants’ property contributed to the accident. The Supreme Court denied the motion, stating, among other things, that the “matter [was] not ripe for summary judgment as discovery [was] not complete.” We reverse.
The appellants were entitled to summary judgment based upon their affidavits in admissible form establishing that they exercised no supervisory control over Still’s work (see Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]; Lombardi v Stout, 80 NY2d 290, 295 [1992]; Metling v Punia & Marx, 303 AD2d 386, 387-388 [2003]; Backiel v Citibank, 299 AD2d 504 [2002]; *392 Whelan v Whelan, 231 AD2d 712, 713 [1996]). In opposition to the motion, the plaintiffs failed to establish the existence of a triable issue of fact. Summary judgment may be granted prior to discovery where there is “only hope and speculation as to what additional discovery would uncover” (Rodgers v Yale Univ., 283 AD2d 415, 416 [2001]). Ritter, J.E, S. Miller, Goldstein and Townes, JJ., concur.