■ EMILIA CHOROSTECKA, Appellant, v MAREK KACZOR et al., Respondents. [775 NYS2d 548]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Dowd, J.), dated December 3, 2002, which granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff allegedly was scalded by hot water when the shower head came off while she was taking a shower. The plaintiff commenced this action against the defendant Marek Kaczor, the owner of the apartment building where she resided, and the defendant Bellerose Plumbing (hereinafter Bellerose), the independent contractor hired by Kaczor to install the boiler and hot water heating system which serviced the plaintiff's apartment. The plaintiff alleged that the defendants were negligent in supplying excessively hot water to her apartment. The Supreme Court granted the defendants' separate motions for summary judgment. We affirm.

In opposition to Kaczor's prima facie showing that he neither

created nor had actual or constructive notice of a defect in the shower head or of the allegedly excessive hot water temperature (*see Metling v Punia & Marx*, 303 AD2d 386 [2003]; *Allen v Wyandanch Homes & Prop. Dev. Corp.*, 298 AD2d 474 [2002]), the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that Kaczor could be vicariously liable for the alleged negligence of Bellerose in creating the excessively hot water condition is without merit. It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Mercado v Slope Assoc.*, 246 AD2d 581 [1998]). The plaintiff failed to demonstrate that any of the exceptions to the general rule concerning independent contractor liability are applicable here (*see e.g. Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663 [1992]).

The plaintiff also failed to raise an issue of fact in opposition to Bellerose's prima facie showing of entitlement to summary judgment. The unrefuted evidence demonstrated that Bellerose did not perform work in the plaintiff's bathroom. Additionally, the boiler and hot water heating system it installed was a model on the New York City Building Department's list of approved boilers. It had a factory-set temperature control device which could not be manually adjusted, and which complied with the New York City Building Code. The plaintiff failed to proffer any evidence in opposition to the motion that the temperature of the hot water heater was set too high, that the boiler and hot water heating system violated any building or safety code, or that it was defective or malfunctioned.

The plaintiff's remaining contention is without merit. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.