■ SANDRA STAGNO, Respondent, v 143-50 HOOVER OWNERS CORP. et al., Defendants and Third-Party Plaintiffs-Appellants, MAREK JURYSEK, Respondent, et al., Defendants. SBC, INC., Third-Party Defendant-Respondent. [853 NYS2d 85]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs 143-50 Hoover Owners Corp. and Metro Management Development, Inc., appeal from an order of the Supreme Court, Queens County (Hart, J.), entered January 31, 2007, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, or alternatively, for summary judgment on their claim for common-law indemnification against the defendant third-party defendant SBC, Inc.

Ordered that the order is reversed, on the law, with costs, that branch of the appellants' motion which is for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and the alternate branch of the motion which is for summary judgment on their claim for

common-law indemnification against the defendant third-party defendant SBC, Inc., is denied as academic.

The plaintiff allegedly sustained injuries to her right hand when the defendant Marek Jurysek attempted to close her balcony door shut. Jurysek was an employee of the defendant third-party defendant SBC, Inc., which had been retained by the owner of the building, the defendant third-party plaintiff 143-50 Hoover Owners Corp. (hereinafter Hoover Owners), and its managing agent, the defendant third-party plaintiff Metro Management Development, Inc. (hereinafter Metro), to perform various work to the exterior of the building, including the removal of the plaintiff's balcony enclosure. The plaintiff leased the apartment from the unit owner, the defendant Hoover Assets, Inc.

Hoover Owners and Metro contend, inter alia, that the Supreme Court erred in denying their motion for summary judgment because they cannot be held vicariously liable for the alleged negligence of the independent contractor hired to perform repair work to the exterior of the building. We agree. One who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done (see Kleeman v Rheingold, 81 NY2d 270, 273 [1993]; Mercado v Slope Assoc., 246 AD2d 581 [1998]; Zedda v Albert, 233 AD2d 497 [1996]). The plaintiff's submissions in opposition to the appellants' establishment, prima facie, of their entitlement to judgment as a matter of law failed to raise an issue of fact as to whether the defendants exercised any control over the method or manner in which the independent contractor performed its duties, and were thus insufficient to raise a triable issue of fact as to whether Hoover and Metro supervised the independent contractor for vicarious liability purposes. Furthermore, although an exception to the general rule against vicarious liability exists where a landlord breaches its nondelegable duty under Multiple Dwelling Law § 78 to maintain the premises in good repair, this exception is not applicable under the circumstances of this case where the plaintiff's injuries were not the result of the premises being in disrepair (see Taylor v Park Towers S. Co., 293 AD2d 668, 669 [2002]; Mercado v Slope Assoc., 246 AD2d at 581-582). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

In light of our determination that the Supreme Court should have granted that branch of the appellants' motion which was

for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the appellants' contentions concerning their claim for common-law indemnification against the defendant third-party defendant SBC, Inc., have been rendered academic.

The plaintiff's remaining contention is without merit (*see generally Vaniglia v Northgate Homes,* 106 AD2d 384 [1984]; *Lockowitz v Melnyk,* 1 AD2d 138 [1956]). Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.