■ NORMA BELT, Appellant, v ALBERT GIRGIS et al., Defendants, and JERSEY LYNNE FARMS, INC., et al., Respondents. [865 NYS2d 658]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated June 21, 2007, as granted that branch of the motion of the defendant Jersey Lynne Farms, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, (2) an order of the same court, also dated June 21, 2007, as granted that branch of the motion of the defendant MTM Food Distributors Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and (3) a judgment of the same court entered September 24, 2007, as, upon the first order, dismissed the complaint insofar as asserted against Jersey Lynne Farms, Inc.

Ordered that the appeal from the first order dated June 21, 2007 is dismissed; and it is further,

Ordered that the second order dated June 21, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the judgment entered September 24, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order granting that branch of the motion of the defendant Jersey Lynne Farms, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review

and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In the afternoon of November 29, 2004 the defendant Albert Girgis, a food products salesman, while making sales calls to supermarkets in Queens, agreed to drive the defendant Rasheen Ford to a nearby liquor store. Upon pulling into the parking lot at the Met Foods supermarket on Merrick Avenue, which was located across the street from the liquor store, Girgis exited the vehicle but left the doors unlocked and the keys in the ignition. He entered the supermarket to make a sales call and presumed that Ford was going to walk to the liquor store. At some point thereafter, while Girgis was still in the supermarket, Ford, who was intoxicated, drove Girgis's car out of the parking lot, subsequently lost control, jumped a sidewalk, and struck the plaintiff, seriously injuring her. The plaintiff commenced an action to recover damages for personal injuries alleging, inter alia, that Girgis was an agent, servant, and/or an employee of the defendants Jersey Lynne Farms, Inc. (hereinafter Jersey Lynne), and MTM Food Distributors Corp. (hereinafter MTM). Jersey Lynne and MTM separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.

Jersey Lynne and MTM established their entitlement to summary judgment by demonstrating that there was no employment relationship between them and Girgis (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Pinto v TWR Express Corp.*, 22 AD3d 481 [2005]). Neither Jersey Lynne nor MTM controlled the method and means by which Girgis was to perform his work (*see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *Rokicki v 24 Hour Courier Serv.*, 294 AD2d 555 [2002]; *Irrutia v Terrero*, 227 AD2d 380, 381 [1996]; *Berger v Dykstra*, 203 AD2d 754, 754-755 [1994]).

The unrefuted evidence showed that Jersey Lynne was a wholesale food distributor and MTM was an independent broker which sold Jersey Lynne products. Girgis was an independent contractor of MTM selling Jersey Lynne products to various supermarkets. Girgis did not receive a salary, insurance, bonuses or any fringe benefits from either Jersey Lynne or MTM. MTM paid him a commission based upon a percentage of the commission which MTM received from Jersey Lynne. MTM provided Girgis with a Form 1099 at the end of the year as no taxes were withheld from his commission checks. In conducting his sales, Girgis established his own accounts, used his own car, was not reimbursed for any business expenses, was not required to work any specific days or hours, did not wear a uniform, and

did not have to meet any sales quotas. In response, the plaintiff failed to raise a triable issue of fact (*see Pinto v TWR Express Corp.,* 22 AD3d at 481; *Rokicki v 24 Hour Courier Serv.,* 294 AD2d 555 [2002]; *Irrutia v Terrero,* 227 AD2d at 381).

The plaintiff's remaining contentions either are raised for the first time on appeal or are without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.