■ TERRY CAMPBELL, Appellant, v HEI HOSPITALITY, LLC, et al., Respondents, et al., Defendant. [898 NYS2d 864]—

In an action to recover damages for personal injuries, the

plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered February 13, 2009, as granted that branch of the motion of the defendants HEI Hospitality, LLC, Marriott International, Inc., and Marriott Hunt Valley Inn which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about July 16, 2006, the plaintiff was a guest at the Marriott Hunt Valley Inn, a hotel owned and operated by the defendants HEI Hospitality, LLC, Marriott International, Inc., and Marriott Hunt Valley Inn (hereinafter collectively the Hotel defendants). The plaintiff allegedly sustained injuries when, in a corridor of the hotel, he collided with the defendant Max Shemehda, who was carrying three cups of scalding hot coffee, two of which were uncovered, and the coffee spilled on the plaintiff. Shemehda was a lifeguard at the hotel's pool, and he was employed not by the Hotel defendants, but by nonparty independent contractor Sunset Pool Management, Inc., which, pursuant to an agreement with the Hotel defendants, managed and supervised operations at the hotel pool. After the plaintiff commenced this action to recover damages for personal injuries and the defendants joined issue, the Hotel defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court granted that branch of the motion. We affirm the order insofar as appealed from.

As a general rule, one who hires an independent contractor may not be held liable for the independent contractor's negligent acts (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Sampson v Contillo*, 55 AD3d 588, 590 [2008]; *Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549 [2008]; *Sandra M. v St. Luke's Roosevelt Hosp. Ctr.*, 33 AD3d 875, 877 [2006]). The Hotel defendants established, prima facie, that Shemehda was an independent contractor, and that the so-called "independent contractor rule" applied (*Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 743 [2007] [internal quotation marks omitted]). In opposition to the Hotel defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether any exception to the so-called "independent contractor rule" applied to the facts of this case (*id.*; *see Feliberty v Damon*, 72 NY2d 112, 118 [1988]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Chorostecka v Kaczor*, 6 AD3d 643, 644 [2004]; *Metling v Punia & Marx*, 303 AD2d 386, 388 [2003]). Accordingly, the Supreme Court properly granted that

branch of the Hotel defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.