◼ JULIO SANCHEZ, Respondent, v 1710 BROADWAY, INC., Respondent, and UNITE HEALTH CENTER, INC., Defendant/Third-Party Plaintiff-Appellant. KOSLOWITZ CONSTRUCTION CO., INC., Doing Business as KOSLOW STOREFRONT, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [915 NYS2d 272]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 12, 2009, as, upon reargument, vacated so much of an order of the same court dated January 13, 2009, as granted its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and thereupon denied that motion.

Ordered that the order dated June 12, 2009, is reversed insofar as appealed from, on the law, with one bill of costs, and, upon reargument, the determination in the order dated January 13, 2009, granting the defendant/third-party plaintiff's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is adhered to.

The defendant 1710 Broadway, Inc. (hereinafter 1710), owned

a building on Seventh Avenue in Manhattan. 1710 leased certain floors in the building to the defendant/third-party plaintiff Unite Health Center, Inc. (hereinafter Unite). When Unite leased these floors, it hired the third-party defendant A.W. Hochberg, Inc. (hereinafter Hochberg), to perform construction at the site. Hochberg, in turn, hired the third-party defendant Koslowitz Construction Co., Inc., doing business as Koslow Storefront (hereinafter Koslow), to install mirrors in the restrooms on the floors leased by Unite. Koslow performed its work between 1996 and 1998. On March 7, 2005, the plaintiff was injured when, in the course of his employment as a porter for Principal Building Services, a nonparty, he was cleaning a restroom on one of the floors leased by Unite when a mirror allegedly fell off a wall and struck him.

"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of that property" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]; *see Morrison v Gerlitzky*, 282 AD2d 725 [2001]; *Millman v Citibank*, 216 AD2d 278 [1995]; *Golds v Del Aguila*, 259 AD2d 942 [1999]; *Allen v Pearson Publ. Empire*, 256 AD2d 528 [1998]). "Where none of these factors are present, a party cannot be held liable for injuries caused by the allegedly defective condition" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 730; *see Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 561, 562 [2003]; *Aversano v City of New York*, 265 AD2d 437 [1999]). "Liability can be imposed upon a landowner or a lessee who creates a defective condition on the property, or had actual or constructive notice of the allegedly defective condition" (*Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d at 730; *see Warren v Wilmorite, Inc.*, 211 AD2d 904, 905 [1995]).

Here, Unite established, prima facie, that it neither created nor had actual or constructive notice of the alleged defective condition which caused the plaintiff's injuries. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, under the circumstances presented here, Unite may not be liable for Koslow's alleged negligence. As a general rule, one who hires an independent contractor may not be held liable for the independent contractor's negligent acts (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Campbell v HEI Hospitality, LLC*, 72 AD3d 860, 861 [2010]; *Sampson v Contillo*, 55 AD3d 588, 590 [2008]; *Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549 [2008]). In opposition to Unite's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact

as to whether any exception to the so-called "independent contractor rule" applied to the facts of this case (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Feliberty v Damon*, 72 NY2d 112, 118 [1988]; *Campbell v HEI Hospitality, LLC*, 72 AD3d at 861; *Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 743 [2007]; *Chorostecka v Kaczor*, 6 AD3d 643, 644 [2004]). Accordingly, the Supreme Court, upon reargument, should have adhered to the determination in an order dated January 13, 2009, granting Unite's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In light of our determination, we need not reach Unite's remaining contention. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.