■ CHAIM BRAUN, Appellant, v STAR COMMUNITY PUBLISHING GROUP, LLC, Respondent. (And a Third-Party Action.) [5 NYS3d 151]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Jacobson, J.), dated January 18, 2013, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court dated July 8, 2013, which denied his motion for leave to renew his opposition to the defendant's motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court providently exercised its discretion in entertaining the defendant's motion for summary judgment dismissing the complaint. Although the motion was made nine days after the expiration of the statutory 120-day period following the filing of the note of issue (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]), the defendant established that there was good cause for the delay (see Nisimova v Starbucks Corp., 108 AD3d 513, 514 [2013]; Adika v Dramitinos, 74 AD3d 848, 849 [2010]).

With respect to the merits, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint. "As a general rule, one who hires an independent contractor may not be held liable for the independent contractor's negligent acts" (Campbell v HEI Hospitality, LLC, 72 AD3d 860, 861 [2010]; see Kleeman v Rheingold, 81 NY2d 270, 273 [1993]). Here, the defendant established, prima facie, that the alleged negligence was committed solely by an independent contractor and that, by reason of the above-described "independent contractor rule," it could not be held liable (see Sanchez v 1710 Broadway, Inc., 79 AD3d 845, 846 [2010]; Campbell v HEI Hospitality, LLC, 72 AD3d at 861). In opposition, the plaintiff failed to raise a triable issue of fact (see Metling v Punia & Marx, 303 AD2d 386 [2003]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

Furthermore, contrary to the plaintiff's contention, the Supreme Court properly denied his subsequent motion for leave to renew his opposition to the defendant's motion for summary judgment since he failed to demonstrate the existence of "new

facts" that would have changed the prior determination (CPLR 2221 [e] [2]; *see Courtview Owners Corp. v Courtview Holding B.V.*, 113 AD3d 722, 724 [2014]). Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.