Capo v Peter & Danny Contrs., LLC

2026 NY Slip Op 02624

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Benjamin Capo, et al., appellants,

v

Peter & Danny Contractors, LLC, et al., defendants, Montgomery Realty Associates, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-07286, (Index No. 710217/17)

Angela G. Iannacci, J.P.

Lara J. Genovesi

Carl J. Landicino

Laurence L. Love, JJ.

O'Dwyer & Bernstein, LLP (Goldstein + Horowitz LLP, New York, NY [Michael M. Horowitz], of counsel), for appellants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for respondent and defendants United Property Services, Inc., and Property Services, LLC.

[*1]

DECISION & ORDER

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Maurice E. Muir, J.), entered May 3, 2024. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability, and upon the denial of the plaintiffs' motion pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the defendant Montgomery Realty Associates and for judgment as a matter of law on the issue of liability against that defendant, is in favor of the defendant Montgomery Realty Associates and against the plaintiffs, in effect, dismissing the complaints insofar as asserted against that defendant.

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

In July 2017, the plaintiffs Benjamin Capo and Erin Capo commenced an action, inter alia, to recover damages for personal injuries against, among others, the defendant Montgomery Realty Associates (hereinafter Montgomery). In April 2018, the plaintiff Michael Moerdyk and the plaintiffs Michael Alexander and Tracie Alexander commenced separate actions, among other things, to recover damages for personal injuries against, among others, Montgomery. The plaintiffs alleged, inter alia, that Montgomery engaged an independent contractor to make repairs on the roof of a building that it owned and that the contractor negligently used a torch and started a fire on the roof of the building during the repairs. Benjamin Capo, Moerdyk, and Michael Alexander were firefighters who allegedly were injured while trying to extinguish the fire. In an order dated October 16, 2018, the three actions were consolidated.

After a trial on the issue of liability, the jury returned a verdict, among other things, in favor of Montgomery. The plaintiffs subsequently moved pursuant to CPLR 4404(a) to set aside so much of the verdict as was in favor of Montgomery and for judgment as a matter of law on the issue of liability against Montgomery. The Supreme Court denied the motion and, on May 3, 2024, entered a judgment, inter alia, in favor of Montgomery and against the plaintiffs, in effect, dismissing the complaints insofar as asserted against Montgomery. The plaintiffs appeal.

"For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence," it is necessary to "conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499).

The Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of Montgomery and for judgment as a matter of law on the issue of liability against Montgomery. As a general rule, one "who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (Kleeman v Rheingold, 81 NY2d 270, 273; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257). However, this general rule is subject to exceptions, including when "the employer is under a specific nondelegable duty" (Shimunov v Ashirov, 238 AD3d 1088, 1089 [internal quotation marks omitted]; see Murray v Community House Hous. Dev. Fund Co., Inc., 223 AD3d 675, 677). An exception to the general rule against liability exists where a landlord has breached its nondelegable duty under Multiple Dwelling Law § 78 (see Stagno v 143-50 Hoover Owners Corp., 48 AD3d 548, 549; Mercado v Slope Assoc., 246 AD2d 581, 581-582), which provides that "[e]very multiple dwelling, including its roof or roofs, and every part thereof and the lot upon which it is situated, shall be kept in good repair" (Multiple Dwelling Law § 78[1]). Multiple Dwelling Law § 78 does not apply, however, where "the accident occurred as a result of the means and methods of the work, not due to a condition of the premises" (Nelson v E & M 2710 Clarendon LLC, 129 AD3d 568, 569).

Here, the evidence presented at trial established that the accident occurred as a result of the contractor's use of a torch to repair a portion of a combustible roof. Therefore, as the accident did not stem from a defective condition of the building or the failure to repair such a defect, but rather from construction work being completed on the building and the means and manner of such work, Multiple Dwelling Law § 78 does not apply to create an exception to the general rule regarding liability for independent contractors (see Nelson v E & M 2710 Clarendon LLC, 129 AD3d at 568; Stagno v 143-50 Hoover Owners Corp., 48 AD3d at 549).

Further, contrary to the plaintiffs' contention, the exception for inherently dangerous activity does not apply here. "The exception for inherently dangerous work . . . applies to situations where the employer has assigned work to an independent contractor which the employer knows or has reason to know involves special dangers inherent in the work or dangers which should have been anticipated by the employer" (Robinson v Jewish Hosp. & Med. Ctr. of Brooklyn, 275 AD2d 362, 364 [internal quotation marks omitted]). Here, the contractor's act of repairing a drain in a roof did not involve a risk of harm inherent in the nature of the work itself, nor should Montgomery have recognized a risk in advance of the contract (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668, 670; Mery v Eginger, 149 AD3d 827, 828, affd 31 NY3d 1068). The trial testimony indicated that the roof could have been repaired without the use of an open flame and that no one at Montgomery was told that the contractor's foreman might use a torch.

Contrary to the plaintiffs' contention, the Supreme Court's jury instructions were not defective in that they adequately conveyed the sum and substance of the applicable law to be charged (see Kelly v New York City Health & Hosps. Corp., 194 AD3d 1032, 1034).

The plaintiffs' remaining contention is without merit.

IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court