(March 17, 2003)

■ Doris Abreu, Appellant, v Barry Schneilwert et al., Defendants, and New York Hospital-Cornell Medical Center, Respondent. [756 NYS2d 855] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated November 27, 2001, which granted the motion of the defendant New York Hospital-Cornell Medical Center for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The wheelchair-bound plaintiff was injured when an ambulette operated by the defendant Handicab, Inc., owned by the defendant Barry Schneilwert (hereinafter collectively Handicab), stopped short as it was transporting her home from an appointment at the defendant New York Hospital-Cornell Medical Center (hereinafter Cornell). The plaintiff sued Handicab and Cornell, alleging, inter alia, that Cornell was negligent in failing to investigate Handicab prior to selecting it for the plaintiff from an approved list of Medicaid transporters.

Contrary to the plaintiff's contention, Cornell's motion was properly granted. Cornell made a prima facie showing of its entitlement to summary judgment on the issue of liability by showing that it merely arranged for Handicab, an independent Medicaid contractor over whom it had no control, to transport the plaintiff home (*see Aronov v Bruins Transp.,* 294 AD2d 522 [2002]; *Rokicki v 24 Hour Courier Serv.,* 294 AD2d 555 [2002]). In response, the plaintiff failed to show the existence of a triable issue of fact as to whether any circumstances existed which would warrant a departure from the general rule (*see Backiel v Citibank,* 299 AD2d 504 [2002]). Accordingly, Cornell's motion for summary judgment was properly granted (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.