■ LINDA JONES et al., Plaintiffs, v JOHN J. RICCIARDELLI et al., Defendants. (Action No. 1.) LINDA JONES et al., Appellants, v BRIAN RATZEL et al., Defendants, and NORMAN PFLASTER, Respondent. (Action No. 2.) [836 NYS2d 665]—

In related actions, inter alia, to recover damages for medical malpractice, etc., the plaintiffs in action No. 2 appeal from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 3, 2005, as granted the motion of Norman Pflaster, a defendant in action No. 2, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of Norman Pflaster for summary judgment dismissing the complaint in action No. 2 insofar as asserted against him is denied.

Norman Pflaster, a defendant in action No. 2, moved for summary judgment dismissing the complaint approximately eight months after the note of issue was filed in this action. The plaintiffs opposed the motion on the grounds that, inter alia, it was untimely under CPLR 3212 (a). Pflaster did not provide any excuse for the late filing and, in fact, failed to address the untimeliness argument in his reply. The Supreme Court also failed to address this argument and granted the motion on the merits. We reverse.

Inasmuch as Pflaster's motion for summary judgment was made more than 120 days after the note of issue was filed, it was untimely (*see* CPLR 3212 [a]; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). Since no good cause was provided by Pflaster for his late filing, his motion for summary judgment should have been denied as untimely (*see Brill v City of New York, supra*).

We note that while the two actions involved herein are related, they were only joined for trial and not consolidated. Thus, they remain separate actions; Pflaster is not now, and never was, a party in action No. 1. Accordingly, the timely motion for summary judgment brought by Central Suffolk Hospital, a defendant in action No. 1, cannot provide good cause for the untimely filing of Pflaster's motion, irrespective of whether the

grounds were nearly identical (*see* CPLR 3212 [b]; *cf. Grande v Peteroy*, 39 AD3d 590 [2007]). Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.