■ RAYMOND LOFSTAD et al., Respondents, v S & R FISHERIES, INC., et al., Appellants, and SHINNECOCK INLET DEVELOPMENT CORP. et al., Respondents. (And Third-Party Actions.) (Action No. 1.) ALFRED RICHARD HAVEL, Respondent, v S & R FISHERIES, INC., et al., Appellants, and SHINNECOCK INLET DEVELOPMENT CORP., Respondent. (Action No. 2.) ALFRED RICHARD HAVEL, Plaintiff, v ARTHUR JUNGE, INC., Defendant. (Action No. 3.) [846 NYS2d 283]—

In three related actions, inter alia, to recover damages for negligence, (1) the defendants Tube Ice, LLC, sued herein as Vogt Tube Ice, Ice Lease Partners, Ltd., and OPM Services, Inc., sued herein as OPM Services, appeal, as limited by their brief, from so much of (a) an order of the Supreme Court, Suffolk County (Weber, J.), dated November 17, 2006, as denied their motion for summary judgment dismissing the complaints and all cross claims in the first and second actions insofar as asserted against them and granted that branch of the motion of the plaintiffs Raymond Lofstad and Julie Lofstad which was for summary judgment on the issue of liability against the defendant Ice Lease Partners, Ltd., in action No. 1, and (b) an order of the same court dated February 2, 2007, as granted that branch of the motion of the plaintiff Alfred Richard Havel which was for summary judgment against the defendant Ice Lease

Partners, Ltd., on the issue of liability in action No. 2, (2) the defendants S & R Fisheries, Inc., and Robert Soleau appeal (a) as limited by their brief, from so much of the order dated November 17, 2006, as granted that branch of the motion of the plaintiffs Raymond Lofstad and Julie Lofstad which was for summary judgment against the defendant S & R Fisheries, Inc., on the issue of liability in action No. 1, and (b) from an order of the same court dated January 22, 2007, which denied the motion of the defendant Robert Soleau for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in action No. 1, and (3) the defendant Shinnecock Inlet Development Corp., appeals, as limited by its brief, from so much of the order dated February 2, 2007, as granted that branch of the motion of the plaintiff Alfred Richard Havel which was for summary judgment against it on the issue of liability in action No. 2.

Ordered that the appeals by the defendants Tube Ice, LLC, sued herein as Vogt Tube Ice, and OPM Services, Inc., sued herein as OPM Services, from so much of (a) the order dated November 17, 2006, as granted that branch of the motion of the plaintiffs Raymond Lofstad and Julie Lofstad which was for summary judgment on the issue of liability against the defendant Ice Lease Partners, Ltd., in action No. 1, and (b) the order dated February 2, 2007, as granted that branch of the motion of the plaintiff Alfred Richard Havel which was for summary judgment against the defendant Ice Lease Partners, Ltd., in action No. 2, are dismissed, as the defendants Tube Ice, LLC, sued herein as Vogt Tube Ice, and OPM Services, Inc., sued herein as OPM Services, are not aggrieved by those portions of the orders (see CPLR 5511); and it is further,

Ordered that the appeal by the defendant Robert Soleau from so much of the order dated November 17, 2006, as granted that branch of the motion of the plaintiffs Raymond Lofstad and Julie Lofstad which was for summary judgment against the defendant S & R Fisheries, Inc., on the issue of liability in action No. 1 is dismissed, as the defendant Robert Soleau is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the appeal by the defendant S & R Fisheries, Inc., from the order dated January 22, 2007, which denied the motion of the defendant Robert Soleau for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in action No. 1 is dismissed, as the defendant S & R Fisheries, Inc., is not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that the order dated November 17, 2006 is reversed

insofar as reviewed, on the law, that branch of the motion of the plaintiffs Raymond Lofstad and Julie Lofstad which was for summary judgment on the issue of liability against the defendants Ice Lease Partners, Ltd., and S & R Fisheries, Inc., in action No. 1 is denied, and the motion of the defendants Tube Ice, LLC, sued herein as Vogt Tube Ice, Ice Lease Partners, Ltd., and OPM Services, Inc., sued herein as OPM Services, which was for summary judgment dismissing the complaints and all cross claims in actions No. 1 and 2 insofar as asserted against them is granted; and it is further,

Ordered that the order dated January 22, 2007 is reversed insofar as reviewed, on the law, and the motion of the defendant Robert Soleau which was for summary judgment dismissing the complaint and all cross claims in action No. 1 insofar as asserted against him is granted; and it is further,

Ordered that the order dated February 2, 2007 is reversed insofar as reviewed, on the law, the motion of the plaintiff Alfred Richard Havel which was for summary judgment on the issue of liability against the defendants Ice Lease Partners, Ltd., S & R Fisheries, Inc., and Shinnecock Inlet Development Corp. in action No. 2 is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants Tube Ice, LLC, sued herein as Vogt Tube Ice, Ice Lease Partners, Ltd., OPM Services, Inc., sued herein as OPM Services, S & R Fisheries, Inc., Shinnecock Inlet Development, and Robert Soleau, payable by the plaintiffs Raymond Lofstad, Julie Lofstad, and Alfred Richard Havel, appearing separately and filing separate briefs.

On December 6, 2003 Raymond Lofstad, a plaintiff in action No. 1, and Alfred Richard Havel, the plaintiff in actions No. 2 and 3, were working on Lofstad's vessel, which was tied to a dock on a public waterway in Suffolk County. A roof-top shed (hereinafter the shed) located on abutting premises owned since 1988 by a defendant in actions No. 1 and 2, Shinnecock Inlet Development Corp. (hereinafter Shinnecock), blew off and injured them. The premises had been leased to a defendant in actions No. 1 and 2, S & R Fisheries, Inc. (hereinafter S & R), at the time of the accident. S & R became the sole tenant of the premises by lease dated September 23, 2003.

The shed was installed in 2001 by a defendant in actions No. 1 and 3, Arthur Junge, Inc. (hereinafter Junge), when it installed ice machines on the roof of the premises at the request of Ice Lease Partners, Inc., also known as Ice Lease Partners, Ltd. (hereinafter Ice Lease), defendants in actions No. 1 and 2, which leased three ice machines manufactured and designed by

Tube Ice, LLC, sued herein as Vogt Tube Ice (hereinafter Tube Ice), a defendant in actions No. 1 and 2. OPM Services, Inc., sued herein as OPM Services (hereinafter OPM), a defendant in actions No. 1 and 2, is the parent company of Ice Lease and Tube Ice (Ice Lease, Tube Ice, and OPM are also collectively referred to as the Ice Lease defendants).

In 2001 Ice Lease leased the ice machines (which were installed on the roof of the premises and were stored in the shed) to J & R, Inc., which was doing business as Long Island Fish Exchange, LLC, and, in accordance with that lease, it retained the right to inspect the ice machines during business hours. Junge later removed the ice machines (before the accident and before S & R's tenancy), but left the shed behind. A defendant in action No. 1, Jimmy Coronesi, the sole shareholder of Shinnecock, sold all of the corporate stock to Robert Soleau (the principal of S & R), also a defendant in that action, four months before the accident. Lofstad paid dock rent to S & R. The instant actions followed the accident.

Ice Lease contends that the Supreme Court improperly granted the summary judgment motion of Raymond Lofstad and his wife, Julie (hereinafter collectively Lofstad) on the basis of the doctrine of res ipsa loquitur, because, inter alia, it did not have exclusive control over the shed and issues of fact exist as to whether the shed was blown off by a so-called "act of God." S & R raises similar contentions as to Lofstad. We agree.

Lofstad failed to meet his initial burden of demonstrating entitlement to judgment as a matter of law as against Ice Lease pursuant to the doctrine of res ipsa loquitur because the record shows that Ice Lease never had exclusive control over the shed, since it never owned the shed or the premises, and never occupied the premises (*see Morejon v Rais Constr. Co.*, 7 NY3d 203 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Hodges v Royal Realty Corp.*, 42 AD3d 350 [2007]; *Cooper v Carmike Cinemas, Inc.*, 41 AD3d 1279 [2007]). The Lofstad motion for summary judgment was improperly granted as against S & R on the basis of res ipsa loquitur, because the shed was constructed before S & R took possession of the premises as a tenant thereof (*see Crosby v Stone*, 137 AD2d 785 [1988]). The Lofstad motion was improperly granted as to S & R and Ice Lease for the additional reason that a triable issue of fact exists as to whether the shed was blown off the premises roof by an act of God, as evidenced by EBT testimony that there were 70 mile-per-hour winds at the time and place of the accident (*see generally Tora v GVP AG*, 31 AD3d 341 [2006]; *Tel Oil Co. v City of Schenectady*, 303 AD2d 868 [2003]).

Lofstad's contention that the granting of his summary judgment motion should be affirmed, nonetheless, based on a nuisance theory is without merit. Lofstad failed to meet his initial burden of proving that the allegedly negligently constructed shed interfered with the public's right of way on the adjacent waterway for a period of time before the accident (*see generally Wheeler v Lebanon Val. Auto Racing Corp.,* 303 AD2d 791, 792 [2003]). Accordingly, the Supreme Court improperly granted Lofstad's motion for summary judgment.

Inasmuch as Havel's motion for summary judgment was made more than 120 days after the note of issue was filed, it was untimely (*see* CPLR 3212 [a]; *Jones v Ricciardelli,* 40 AD3d 936 [2007]). Since Havel failed to provide good cause for his late filing, his motion for summary judgment should have been denied as untimely (*see Brill v City of New York,* 2 NY3d 648 [2004]). We note that while the Lofstad and Havel actions are related, they were only joined for trial and not consolidated. Thus, they remain separate actions; Havel is not now, and never was, a party in the Lofstad action. Accordingly, Lofstad's timely motion for summary judgment cannot provide good cause for the untimely filing of Havel's motion, irrespective of whether the grounds were nearly identical (*see* CPLR 3212 [b]; *Jones v Ricciardelli,* 40 AD3d 936 [2007]).

We agree with the Ice Lease defendants' contention that the Supreme Court erred in denying their motions for summary judgment dismissing the Lofstad and Havel complaints insofar as asserted against them. The Ice Lease defendants met their initial burden of demonstrating prima facie entitlement to judgment as a matter of law by tendering sufficient evidence that they neither created nor had actual or constructive notice of the alleged defective condition, and that, in any event, the so-called "independent contractor rule" applied. In response, the plaintiffs failed to raise an issue of fact as to notice or demonstrate that any of the exceptions to the general rule concerning independent contractor liability are applicable herein (*see Pisano v Young Women's Christian Assn. of Brooklyn,* 43 AD3d 814 [2007]; *Powell v Pasqualino,* 40 AD3d 725 [2007]; *Langer v BJ's Wholesale Club, Inc.,* 39 AD3d 714 [2007]; *Chou v A to Z Vending Serv. Corp.,* 36 AD3d 745 [2007]; *Chorostecka v Kaczor,* 6 AD3d 643 [2004]; *Abrams v Powerhouse Gym Merrick,* 284 AD2d 487 [2001]). Contrary to the Supreme Court's finding, the record does not establish that, nor are there issues of fact as to whether, Ice Lease retained a continued contractual right to inspect the shed. The documentary evidence, i.e, the clear and unambiguous terms of the ice machine lease, shows that the

shed was not covered by the lease, as Ice Lease never owned the sheds.

Soleau's motion for summary judgment dismissing the Lofstad complaint should have been granted as well because there is no basis for piercing the corporate veil of his corporations to hold him personally liable for the alleged conduct of his corporations (*see Kok Choy Yeen v NWE Corp.*, 37 AD3d 547 [2007]; *Aetna Elec. Distrib. Co. v Homestead Elec.*, 279 AD2d 541 [2001]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.