■ JOHN CRANE et al., Plaintiffs, v JAB REALTY, LLC, et al., Defendants and Third-Party Plainitffs-Respondents. LONG ISLAND POWER AUTHORITY et al., Third-Party Defendants-Appellants. [853 NYS2d 99]—

In an action to recover damages for personal injuries, etc., the third-party defendant Long Island Power Authority and the second third-party defendants Keyspan Corporate Services, LLC, and Keyspan Corporation, doing business as Keyspan Energy, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated March 30, 2007, as denied that branch of their cross motion which was for summary judgment dismissing the causes of action in the third-party and second third-party complaints for common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The cross motion of the third-party defendant Long Island Power Authority (hereinafter LIPA), and the second third-party defendants Keyspan Corporate Services, LLC, and Keyspan Corporation, doing business as Keyspan Energy (hereinafter collectively Keyspan), did not violate the rule against successive motions for summary judgment because the cross motion was based on grounds and factual assertions which could not have been raised on the first motion (*see Manning v Turtel,* 135 AD2d 511, 512 [1987]; *cf. Selletti v Liotti,* 45 AD3d 669 [2007]).

However, contrary to the contention of LIPA and Keyspan, in opposition to their demonstration of prima facie entitlement to judgment as a matter of law, the defendants third-party plaintiffs/second third-party plaintiffs raised triable issues of fact which precluded dismissal of the causes of action for common-law indemnification asserted in the third-party and second third-party complaints. The contract between Keyspan and the plaintiff's employer gave LIPA and Keyspan the authority to direct the plaintiff's work. Accordingly, the Supreme Court properly denied that branch of the cross motion of LIPA and Keyspan which was to dismiss those causes of action (*see Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681, 685 [2005]; *Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556, 557 [2003]; *see also Taeschner v M & M Restorations,* 295 AD2d 598 [2002]). Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.