■ Maurice Oparaji, Appellant, v Stephen Scheiner et al., Respondents. [854 NYS2d 655]—In a consolidated action, inter alia, to recover damages for personal injuries and conversion, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated November 13, 2006, which denied his motion for summary judgment on the issue of liability as untimely and academic, and (2) a judgment of the

same court dated February 1, 2007, which, upon a jury verdict finding that the defendant Stephen Scheiner did not commit a battery upon him, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues regarding the denial of the plaintiff's motion for summary judgment, raised on the appeal from the order, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability as untimely and academic. The motion was made more than 120 days after a note of issue was filed (*see* CPLR 3212 [a]; *Lofstad v S & R Fisheries, Inc.,* 45 AD3d 739, 743 [2007]; *Jones v Ricciardelli,* 40 AD3d 936 [2007]). Moreover, the plaintiff failed to establish good cause for the late filing of the motion (*see Brill v City of New York,* 2 NY3d 648 [2004]). The plaintiff's pro se motion for summary judgment on the issue of liability was made nearly two months after a jury trial in which the jury ultimately found that the defendant Stephen Scheiner did not commit a battery upon the plaintiff.

The plaintiff submitted an order to show cause to the Supreme Court, seeking to bring on a motion for the court to recuse itself from the determination of the summary judgment motion. The Supreme Court declined to sign the order to show cause; thus, the motion never was made or decided. Accordingly, to the extent the plaintiff raises any argument on appeal regarding the merits of his recusal motion, it is not properly before this Court.

At this time, we decline the defendants' request for an award of an attorney's fee and imposition of a financial sanction upon the plaintiff (*see* 22 NYCRR 130-1.1).

The parties' remaining contentions are without merit. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.