■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v ED WILEY et al., Respondents, and KATE O'BRIAN et al., Appel-

lants, et al., Defendant. (Action No. 1.) EDWARD POWERS, III, Respondent-Appellant, and MOLLY SPENCER, Respondent, v ED WILEY et al., Respondents, KATE O'BRIAN et al., Appellants-Respondents, and EASTCHESTER FIRE DISTRICT, Appellant, et al., Defendant. (Action No. 2.) STATE FARM FIRE & CASUALTY COMPANY, Respondent, v ED WILEY SLATE Co. et al., Defendants, and EASTCHESTER FIRE DISTRICT, Appellant. (Action No. 3.) STATE FARM FIRE & CASUALTY COMPANY, Respondent, v VILLAGE OF BRONXVILLE et al., Defendants, and EASTCHESTER FIRE DISTRICT, Appellant. (Action No. 4.) [876 NYS2d 444]—

In four related actions to recover damages for injury to property, (1) Kate O'Brian and Thomas Smith appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered July 13, 2007, as denied their motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in action Nos. 1 and 2, (2) the Eastchester Fire District separately appeals from so much of the same order as denied its motion for summary judgment dismissing all complaints and cross claims insofar as asserted against it, and (3) Edward W. Powers, III, cross-appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment on the issue of liability against the defendants Kate O'Brian and Thomas Smith in action No. 2.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of Kate O'Brian and Thomas Smith for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in action Nos. 1 and 2, and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof denying the motion of the Eastchester Fire District for summary judgment dismissing all complaints and cross claims insofar as asserted against it, and substituting therefor a provision granting the motion except to the extent that the complaints and cross claims concern the alleged conduct of its employee Paul Chrystal; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to Kate O'Brian and Thomas Smith payable by Edward Powers, III.

These related actions arise from a fire that damaged, inter alia, three attached townhouses located at 9, 11, and 13 Willow Circle in Bronxville. Thomas Smith, the owner of 9 Willow Circle, hired Ed Wiley, doing business as Ed Wiley Slate Co.

(hereinafter Wiley) on behalf of himself and Kate O'Brian, the owner of 11 Willow Circle, to perform work on a shared roof. During the course of the work, a fire apparently started when an open flame being used to solder copper gutters ignited a wood fascia board. The fire caused damage to the units owned by O'Brian, Smith, and Edward W. Powers, III, who owned 13 Willow Circle. The fire was extinguished by the Eastchester Fire District. After insurance claims were paid, actions were brought by and on behalf of Powers against, among others, O'Brian, Smith, Wiley, and the Eastchester Fire District, and on behalf of O'Brian and Smith against, among others, Wiley and the Eastchester Fire District. After the actions were directed to be jointly tried, the Eastchester Fire District moved for summary judgment dismissing all complaints and cross claims insofar as asserted against it on the ground that it could not be held liable in the absence of a "special relationship" with an injured party, which was lacking. O'Brian and Smith moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action Nos. 1 and 2 on the ground that they were not negligent in the happening of the fire and could not be held vicariously liable for the alleged negligence of Wiley, who was an independent contractor. Powers cross-moved for summary judgment on the issue of liability against Wiley, O'Brian, and Smith. Powers argued that Wiley was negligent in the happening of the fire and that O'Brian and Smith could be held vicariously liable for such negligence. The Supreme Court, inter alia, granted that branch of Powers' motion which was for summary judgment on the issue of liability as against Wiley, but denied the remaining branches of Powers' motion and the motions of the Eastchester Fire District and O'Brian and Smith. We modify.

O'Brian and Smith demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that they were not negligent in the happening of the fire and that Wiley was an independent contractor for whose alleged negligence they could not be held liable (see *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663 [1992]; *Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739 [2007]; *Chou v A to Z Vending Serv. Corp.*, 36 AD3d 745 [2007]; *Abreu v Schneilwert*, 303 AD2d 527 [2003]). In opposition, no party raised a triable issue of fact as to whether Wiley was an independent contractor, or whether any exception to the general rule of nonliability applied (see *Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739 [2007]; *Abreu v Schneilwert*, 303 AD2d 527 [2003]). Thus, O'Brian and Smith should have been awarded summary judgment dismissing the complaints and all cross claims insofar as asserted against them in action Nos. 1 and 2.

The Eastchester Fire District demonstrated, prima facie, that the allegations, other than those concerning the alleged conduct of its employee Paul Chrystal, involved discretionary acts for which it could not be held liable in the absence of a special relationship with an injured party, and that such a relationship was lacking as to any injured party (*see Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]; *Lauer v City of New York*, 95 NY2d 95 [2000]; *Haddock v City of New York*, 75 NY2d 478 [1990]; *Etienne v New York City Police Dept.*, 37 AD3d 647 [2007]; *Blancovitch v City of New York*, 131 AD2d 418 [1987]; *Kroger v City of Mount Vernon*, 104 AD2d 855 [1984]; *Harland Enters. v Commander Oil Corp.*, 97 AD2d 785 [1983], *affd* 64 NY2d 708 [1984]). In opposition, no party raised a triable issue of fact as to such allegations. However, the Eastchester Fire District failed to demonstrate, prima facie, that the alleged conduct of Chrystal involved discretionary rather than ministerial acts for which it could not be held liable in the absence of a special relationship with an injured party (*see McCrink v City of New York*, 296 NY 99 [1947]; *see generally Lauer v City of New York*, 95 NY2d 95 [2000]; *Haddock v City of New York*, 75 NY2d 478 [1990]; *Mon v City of New York*, 78 NY2d 309 [1991]; *Tango v Tulevech*, 61 NY2d 34 [1983]; *Lapidus v State of New York*, 57 AD3d 83 [2008]; Town Law § 176-a [1]; L 1960, ch 220; 1992 Ops St Comp No. 92-25). Thus, the Eastchester Fire District should have been awarded summary judgment except to the extent the complaints and cross claims concern the alleged conduct of Chrystal.

The parties' remaining contentions are without merit. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.