■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v ED WILEY et al., Respondents, and KATE O'BRIAN et al., Appellants, et al., Defendant. (Action No. 1.) EDWARD POWERS III, Respondent-Appellant, and MOLLY SPENCER, Respondent, v ED WILEY et al., Respondents, KATE O'BRIEN et al., Appellants-Respondents, and EASTCHESTER FIRE DISTRICT, Appellant, et al., Defendant. (Action No. 2.) STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v ED WILEY SLATE Co. et al., Defendants, and EASTCHESTER FIRE DISTRICT, Appellant. (Action No. 3.) STATE FARM FIRE & CASUALTY COMPANY, Respondent, v VILLAGE OF BRONXVILLE et al., Defendants, and EASTCHESTER FIRE DISTRICT, Appellant. (Action No. 4.) [904 NYS2d 436]—

Motion by the appellant Eastchester Fire District, inter alia, for leave to reargue an appeal from an order of the Supreme Court, Westchester County, entered July 13, 2007, which was determined by decision and order of this Court dated March 31, 2009, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which is for leave to reargue is granted and the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated March 31, 2009 (*United Servs. Auto. Assn. v Wiley*, 60 AD3d 1042 [2009]), is recalled and vacated, and the following decision and order is substituted therefor:

In four related actions to recover damages for injury to property, (1) Kate O'Brian and Thomas Smith appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered July 13, 2007, as denied their motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in actions No. 1 and 2, (2) the Eastchester Fire District separately appeals from so much of the same order as denied its motion for summary judgment dismissing all complaints and cross claims insofar as asserted against it, and (3) Edward W. Powers III cross-appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment on the issue of liability against the defendants Kate O'Brian and Thomas Smith in action No. 2. Justice Sgroi has been substituted for former Justice Ritter (see 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, the motion of Kate O'Brian and Thomas Smith for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in actions No. 1 and 2 is granted, and the motion of the Eastchester Fire District for summary judgment dismissing all complaints and cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to Kate O'Brian, Thomas Smith, and the Eastchester Fire District, payable by Edward Powers III.

These related actions arise from a fire that damaged, inter alia, three attached townhouses located at 9, 11 and 13 Willow Circle in Bronxville. Thomas Smith, the owner of 9 Willow Circle, hired Ed Wiley, doing business as Ed Wiley Slate Co. (hereinafter Wiley), on behalf of himself and Kate O'Brian, the owner of 11 Willow Circle, to perform work on a shared roof. During the course of the work, a fire apparently started when

an open flame being used to solder copper gutters ignited a wood fascia board. The fire caused damage to the units owned by O'Brian, Smith, and Edward W. Powers III, who owned 13 Willow Circle. The fire was extinguished by the Eastchester Fire District. After insurance claims were paid, actions were brought by and on behalf of Powers against, among others, O'Brian, Smith, Wiley, and Eastchester Fire District, and on behalf of O'Brian and Smith against, among others, Wiley and the Eastchester Fire District. After the actions were directed to be jointly tried, the Eastchester Fire District moved for summary judgment dismissing all complaints and cross claims insofar as asserted against it on the ground that it could not be held liable in the absence of a "special relationship" with an injured party, which was lacking. O'Brian and Smith moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in actions No. 1 and 2 on the ground that they were not negligent in the happening of the fire and could not be held vicariously liable for the alleged negligence of Wiley, who was an independent contractor. Powers cross-moved for summary judgment on the issue of liability against Wiley, O'Brian, and Smith. Powers argued that Wiley was negligent in the happening of the fire and that O'Brian and Smith could be held vicariously liable for such negligence. The Supreme Court, inter alia, granted that branch of Powers' motion which was for summary judgment on the issue of liability as against Wiley, but denied the remaining branches of Powers' motion and the motions of the Eastchester Fire District and O'Brian and Smith. We modify.

O'Brian and Smith demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that they were not negligent in the happening of the fire and that Wiley was an independent contractor for whose alleged negligence they could not be held liable (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663 [1992]; Lofstad v S & R Fisheries, Inc., 45 AD3d 739 [2007]; Chou v A to Z Vending Serv. Corp., 36 AD3d 745 [2007]; Abreu v Schneilwert, 303 AD2d 527 [2003]). In opposition, no party raised a triable issue of fact as to whether Wiley was an independent contractor, or whether any exception to the general rule of nonliability applied (see Lofstad v S & R Fisheries, Inc., 45 AD3d 739 [2007]; Abreu v Schneilwert, 303 AD2d 527 [2003]). Thus, O'Brian and Smith should have been awarded summary judgment dismissing the complaints and all cross claims insofar as asserted against them in actions No. 1 and 2.

The Eastchester Fire District demonstrated, prima facie, that

it was entitled to summary judgment dismissing all complaints and cross claims insofar as asserted against it. "Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean v City of New York*, 12 NY3d 194, 203[2009]). Here, in the absence of a special relationship with an injured party, the Eastchester Fire District could not be held liable for the actions of its employees. The Eastchester Fire District demonstrated, prima facie, that such a relationship was lacking as to any injured party (*see Dinardo v City of New York*, 13 NY3d 872, 874[2009]; *McLean v City of New York*, 12 NY3d at 203; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Clarke v City of New York*, 18 AD3d 796, 797 [2005]). In opposition, no triable issue of fact was raised (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Thus, the Eastchester Fire District's motion for summary judgment should have been granted.

The parties' remaining contentions are without merit. Rivera, J.P., Covello, Angiolillo and Sgroi, JJ., concur.