In an action, inter alia, to recover damages for wrongful death, the defendants City of New York and St. Vincent’s Services, Inc., separately appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 20, 2009, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.
Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with one bill of costs to the defendant City of New York payable by the plaintiff, and one bill of costs to the plaintiff payable by the defendant St. Vincent’s Services, Inc.
In 1996, pursuant to a contract with the defendant City of New York, the defendant St. Vincent’s Services, Inc. (hereinafter SVS), operated a group home on Roe Street in Staten Island for youths in need of foster care. On January 22, 1996, three teenaged residents of the group home broke into the nearby home of the plaintiffs decedent and beat and stabbed him to death. The three youths were subsequently convicted of murder in the second degree in connection with the decedent’s death. The plaintiff, as limited administratrix of the decedent’s estate, commenced this action against, among others, the City and SVS, alleging that the defendants breached a duty to the decedent by placing the three youths in the group home despite knowing of their vicious propensities. After extensive discovery, the City and SVS separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted *1051 against them. In the order appealed from, the Supreme Court denied the motions. We modify the order by granting the City’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and otherwise affirm.
In support of its motion, SYS submitted evidence demonstrating that there was a triable issue of fact as to its knowledge of the propensity of at least one of the three youths to engage in armed violent conduct against another person. Consequently, the Supreme Court properly found that SYS failed to meet its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law. Therefore, denial of SVS’s motion was required without consideration of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The Supreme Court erred, however, in denying the City’s motion for summary judgment on the ground that the City was not immune from liability.
The issue of governmental immunity here turns first on the nature of the precise conduct in which the City is alleged to have negligently engaged. If the conduct was proprietary, the City would be subject “to the same duty of care as private individuals and institutions engaging in the same activities]” (Schrempf v State of New York, 66 NY2d 289, 294 [1985]), and may be held liable for breach of that duty (see Sebastian v State of New York, 93 NY2d 790, 793 [1999]). In contrast, if the activity was governmental, the City would be absolutely immune if the conduct was discretionary; if the conduct was ministerial, the City would still be immune unless the plaintiff could demonstrate that there existed “ ‘a special duty to the [decedent], in contrast to a general duty owed to the public’ ” (McLean v City of New York, 12 NY3d 194, 199 [2009], quoting Garrett v Holiday Inns, 58 NY2d 253, 261 [1983]; see United Servs. Auto. Assn. v Wiley, 73 AD3d 1160, 1163 [2010]). Moreover, “[i]t is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred” (Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 182 [1982]; see Sebastian v State of New York, 93 NY2d at 794; Miller v State of New York, 62 NY2d 506, 513 [1984]).
“Proprietary functions are those in which governmental activities essentially substitute for or supplement traditionally private enterprises” (Matter of Karedes v Colella, 100 NY2d 45, 50 [2003] [internal quotation marks omitted]). In contrast, whether municipal activity is governmental “depends on sev *1052 eral considerations, including whether the activity was historically performed by government, whether it is best executed by government and whether it is undertaken for profit or revenue” (id.). As we have recognized, “[flrom early times in our law the sovereign has been considered to be parens patriae of destitute or abandoned children” (Bartels v County of Westchester, 76 AD2d 517, 520 [1980]; see generally NY Const, art XVII, § 1). Although care of such children was once left to the good will of charitable and religious organizations, “the legal classification of a particular municipal activity as governmental or proprietary is, in this transitional age, subject to change with time and circumstance” (Little Joseph Realty v Town of Babylon, 41 NY2d 738, 742 [1977]; see Matter of Karedes v Colella, 100 NY2d at 50). Today, there is little question that, in the first instance, the City, under State mandate, has fully assumed the responsibility (see Social Services Law §§ 62, 398) and performs the function of caring for children in need of foster care, often contracting with private entities such as SVS to provide services like group foster homes. The function of dealing with children in need of foster care is deemed best executed by government and is undertaken without thought of profit or revenue. Thus, under the circumstances of this case, the precise acts upon which the plaintiff seeks to predicate the City’s liability—the placement of or leaving the three youths in SVS’s group foster home—qualify as the performance of a governmental function (see Sebastian v State of New York, 93 NY2d at 794).
Moreover, as there can be no claim here that, in placing or leaving the youths at SVS, the City undertook a special duty to the decedent as opposed to a general duty owed to the public (see McLean v City of New York, 12 NY3d at 199), the question whether the conduct complained of was discretionary or ministerial need not be addressed.
Accordingly, because the complaint alleges that the City was negligent in the performance of a governmental function, the City’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted on the ground that the City is immune from liability. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.