■ COLLEEN DERBY, Appellant, v FABIAN BITAN, Respondent. [932 NYS2d 718]—

The plaintiff filed a note of issue on March 15, 2010, and the defendant moved for summary judgment dismissing the complaint on July 14, 2010. The plaintiff opposed the defendant's motion on the ground that it was untimely. The Supreme Court determined that the motion was timely and thereupon, granted the motion. We reverse.

CPLR 3212 (a) provides that a motion for summary judgment may not be made more than 120 days after the filing of the note of issue "except with leave of court on good cause shown." Here, contrary to the defendant's contention, his motion for summary judgment was made 121 days after the note of issue was filed and, therefore, it was untimely (*see* CPLR 3212 [a]; *see also* General Construction Law § 20). Since the defendant did not seek leave of the court, and failed to offer any reason for the delay, there was no "leave of court on good cause shown," as required by CPLR 3212 (a), and the defendant's motion should have been denied without consideration of the merits (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Lyons v Donnelly*, 54 AD3d 393 [2008]; *Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 743 [2007]; *Jones v Ricciardelli*, 40 AD3d 936, 936 [2007]).

The plaintiff's contention regarding recusal is not properly before this Court (*see Ferdinand v Ferdinand*, 56 AD3d 604, 604 [2008]; *Oparaji v Scheiner*, 50 AD3d 753, 754 [2008]).

The parties' remaining contentions either are without merit or need not be addressed in light of the foregoing determination. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.