■ Blanche, Verte & Blanche, Ltd., Respondent, v Joseph Mauro & Sons, Appellant, and Shore Drug, Inc., Respondent. [936 NYS2d 571]—

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it as violative of the rule against successive motions for summary judgment (*see Sutter v Wakefern Food Corp.,* 69 AD3d 844, 845 [2010]; *Kimber Mfg., Inc. v Hanzus,* 56 AD3d 615, 616 [2008]; *Crane v JAB Realty, LLC,* 48 AD3d 504 [2008]; *Williams v City of White Plains,* 6 AD3d 609 [2004]).

The Supreme Court also properly denied that branch of the appellant's motion which was, in effect, to disqualify the plaintiff's attorney on the ground that he was likely to be called as a witness on a significant issue of fact (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). Since the appellant "failed to offer any proof as to the content or subject matter of the testimony that might be elicited from the [plaintiff's] attorney," nor is it "apparent from the record as to why it is necessary to call him as a witness," the appellant "failed to

demonstrate that the testimony of the [plaintiff's] attorney was necessary" (*Bentvena v Edelman*, 47 AD3d 651, 651-652 [2008]; *see Hudson Val. Mar., Inc. v Town of Cortlandt*, 54 AD3d 999, 1000 [2008]; *Broadwhite Assoc. v Truong*, 237 AD2d 162 [1997]; *cf. Brunette v Gianfelice*, 171 AD2d 719 [1991]; *Gasoline Expwy v Sun Oil Co. of Pa.*, 64 AD2d 647, 647-648 [1978], *affd* 47 NY2d 847 [1979]). Skelos, J.P., Hall, Austin and Miller, JJ., concur.

**[Prior Case History: 2010 NY Slip Op 32402(U).]**