■ St. John's University, Respondent, v Butler Rogers Baskett Architects, P.C., et al., Defendants, and Langan Engineering and Environmental Services, Inc., P.C., Appellant. (And Third-Party Actions.) [962 NYS2d 348]—

In an action, inter alia, to recover damages for breach of contract, injury to property, engineering malpractice, and architectural malpractice, the defendant Langan Engineering and Environmental Services, Inc., P.C., appeals, as limited by its brief, from (1), so much of an order of the Supreme Court, Queens County (Grays, J.), dated June 30, 2010, as denied, as untimely, its first motion for summary judgment dismissing stated portions of the complaint, and (2) so much of an order of the same court dated February 14, 2011, as denied its second motion for summary judgment.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied, as untimely, the first motion of the defendant Langan Engineering and Environmental Services, Inc., P.C. (hereinafter Langan) for summary judgment dismissing stated portions of the complaint since Langan failed to demonstrate good cause for not filing the motion before the expiration of the 120-day deadline set forth in CPLR 3212 (b) (see Brill v City of New York, 2 NY3d 648 [2004]). Contrary to Langan's contention, the Supreme Court providently exercised its discretion in declining to consider the good cause arguments raised for the first time in its reply papers (see Cabibel v XYZ Assoc., L.P., 36 AD3d 498 [2007]), particularly in

the absence of a surreply from the plaintiff (*see generally Matter of Harleysville Ins. Co. v Rosario*, 17 AD3d 677, 678 [2005]; *Johnston v Continental Broker-Dealer Corp.*, 287 AD2d 546 [2001]; *Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658 [1999]). As Langan failed to otherwise offer any explanation for its delay in making the motion, the Supreme Court properly denied the motion without consideration of the merits (*see Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960 [2012]; *Buffolino v City of New York*, 92 AD3d 633 [2012]; *Derby v Bitan*, 89 AD3d 891, 892 [2011]; *John P. Krupski & Bros., Inc. v Town Bd. of Town of Southold*, 54 AD3d 899, 901 [2008]).

The Supreme Court also properly denied Langan's second motion for summary judgment as violative of the rule against successive motions for summary judgment (*see Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons*, 91 AD3d 693 [2012]; *Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615 [2008]). Eng, P.J., Dickerson, Hall and Lott, JJ., concur.