Rogers v DeGennaro (2018 NY Slip Op 07343)





Rogers v DeGennaro


2018 NY Slip Op 07343


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-02361
 (Index No. 20431/08)

[*1]Henson Rogers, etc., appellant, et al., plaintiff,
v
Michael J. DeGennaro, et al., respondents.


The Frankel Law Firm, New York, NY (Reuven S. Frankel of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiff Henson Rogers appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated February 6, 2017. The order denied that plaintiff's motion, inter alia, for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff Henson Rogers (hereinafter Rogers) allegedly was injured when he was struck by a motor vehicle operated by the defendant Michael J. DeGennaro (hereinafter DeGennaro) and owned by the defendant Michael A. DeGennaro. The plaintiffs commenced this action to recover damages for personal injuries, etc. The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the issue of liability. In an order entered February 16, 2012, the Supreme Court denied the motion and the cross motion on the ground that triable issues of fact existed as to whether Rogers was in a crosswalk at the time of the accident. Among the parties' submissions were a transcript of DeGennaro's deposition testimony and a "witness statement" from a nonparty, both of which placed Rogers at a location outside the crosswalk. Thereafter, in an order entered June 6, 2016, the court granted Rogers's motion to preclude the defendants from calling that nonparty as a witness at trial due to her failure to appear for a deposition.
In July 2016, Rogers again moved, inter alia, for summary judgment on the issue of liability, primarily arguing that the record no longer presented a triable issue of fact as whether he was in a crosswalk at the time of the accident and, thus, established the defendants' negligence. The defendants opposed, contending that the motion violated the rule against successive motions for summary judgment. The Supreme Court agreed with the defendants and denied the motion in an order dated February 6, 2017. Rogers appeals. We affirm.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 570; see Vinar v Litman, 110 AD3d 867, 868; Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons, 91 AD3d 693, 693; Soto v City of New York, 37 AD3d 589, 589). Here, [*2]Rogers made neither showing. Therefore, we agree with the Supreme Court's denial of that branch of Rogers's motion which was for summary judgment on the issue of liability.
Rogers's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court