Landaverde v Joseph (2025 NY Slip Op 07004)

Landaverde v Joseph

2025 NY Slip Op 07004

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-07268
 (Index No. 709286/18)

[*1]Olga D. Landaverde, plaintiff-appellant, 
v
Ronald Joseph, et al., defendants-appellants, Shamraiz Akhtar, et al., respondents.

Dell and Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for plaintiff-appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Ronald Joseph and All Transit, LLC, separately appeal, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated October 1, 2021. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants Shamraiz Akhtar and Varda S. Ulhag which was for summary judgment dismissing the complaint insofar as asserted against them. The appeal by the defendants Ronald Joseph and All Transit, LLC, was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is reversed insofar as appealed from by the plaintiff, on the law, with costs, and that branch of the motion of the defendants Shamraiz Akhtar and Varda S. Ulhag which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
In January 2017, the plaintiff commenced this action against the defendants Shamraiz Akhtar and Varda S. Ulhag (hereinafter together the defendants), among others, to recover damages for injuries the plaintiff allegedly sustained in a three-vehicle accident. A preliminary conference order dated August 21, 2018, directed that any motion for summary judgment shall be made no later than 120 days after the filing of the note of issue, pursuant to CPLR 3212(a). The note of issue in this matter was filed on October 7, 2019. On July 28, 2021, the defendants filed a motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 1, 2021, the Supreme Court, among other things, after acknowledging the untimeliness of the motion and the defendants' failure to demonstrate good cause for the untimeliness, granted that branch of the defendants' motion, noting that an "identical" motion was granted in a related case.
CPLR 3212(a) provides that a motion for summary judgment shall be made no later than the date set by the court, or if no date is set, no later than 120 days after the filing of the note of issue, except with leave of court on good cause shown (see Brill v City of New York, 2 NY3d 648, 652). "'[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (id.). Thus, "[a]bsent a satisfactory explanation [*2]for the untimeliness, constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits" (Wittenberg v Long Is. Power Auth., 225 AD3d 730, 732 [internal quotation marks omitted]).
Here, the defendants' motion was made almost a year and a half after the 120-day deadline set by the Supreme Court and imposed pursuant to CPLR 3212(a) had expired, and the defendants failed to demonstrate good cause for their delay in filing the motion. A timely motion for summary judgment filed in a related but separate action cannot provide good cause for the untimely filing of a summary judgment motion in the instant action, "irrespective of whether the grounds were nearly identical" (Jones v Ricciardelli, 40 AD3d 936, 936-937). Accordingly, the court erred in considering that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the merits and should have denied that branch of the motion (see Brill v City of New York, 2 NY3d at 652; Bennett v State Farm Fire and Cas. Co., 198 AD3d 861, 863).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court