(June 8, 2010)

MEIR ADIKA, Respondent, et al., Plaintiffs, v NITSA DRAMITINOS et al., Defendants, and GEORGE DRAMITINOS et al., Appellants. [904 NYS2d 461]—

In an action, inter alia, to recover damages for negligence, breach of contract, and breach of warranty of quiet enjoyment, the defendants George Dramitinos, Eleni Dramitinos, and GNE Realty, LLC, appeal (1) from an order of the Supreme Court, Queens County (Taylor, J.), dated June 12, 2009, which denied, as untimely, their motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Meir Adika, and (2), as limited by their brief, from so much of an order of the same court dated September 28, 2009, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated June 12, 2009, is dismissed as academic, in light of our determination on the appeal from the order dated September 28, 2009; and it is further,

Ordered that the order dated September 28, 2009, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, upon renewal, the order dated June 12, 2009, is vacated, and the motion of the defendants George Dramitinos, Eleni Dramitinos, and GNE Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Meir Adika is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The Supreme Court improvidently exercised its discretion in refusing to entertain the appellants' motion on the merits, on the ground that the motion was made five days after the expiration of 120 days after the filing of a note of issue (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Upon renewal, the appellants established that there was good cause for the delay. Among other things, the New York State Unified Court System's public Web site incorrectly stated that the note of issue was filed five days after it was in fact filed, the appellants reasonably relied upon the public Web site (*see e.g. Matter of L & Q Realty Corp. v Assessor*, 71 AD3d 1025 [2010]), and the appellants had no reason to believe that the information contained in the public Web site was not correct.

On the merits, the appellants, as the landlord of the plaintiff Meir Adika, established their entitlement to judgment as a matter of law based upon the affidavit of an expert stating that the fire which damaged the leased premises was caused by an upstairs tenant's failure to clean accumulations of lint in a dryer inside the upstairs tenant's apartment, and not by any action or inaction by the appellants. The appellants further established that Adika acknowledged in writing that their "obligation has been met to restore my premises as it was prior to the fire," and that the appellants had no obligation pursuant to the terms of the lease to repair or replace Adika's "furniture and/or furnishings or any fixtures or equipment, improvements, or appurtenances removable by tenant." The appellants further established as a matter of law that they did not disturb Adika's beneficial enjoyment and possession of the premises. In opposition, Adika failed to raise a triable issue of fact.

Adika's remaining contentions are without merit, or are not properly before this Court. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.