Lewis v Janczuk (2025 NY Slip Op 50140(U))

[*1]

Lewis v Janczuk

2025 NY Slip Op 50140(U)

Decided on February 7, 2025

Supreme Court, Kings County

Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
Supreme Court, Kings County

Sarah Lewis, Plaintiff,

against
Peter Janczuk, Chinyere Ajah, as Executor of the Estate of Marcel Ajah, Kelvin Jack, Flushing Hospital Medical Center and Women Medical Health Care & Diagnostics, P.C., Defendants.

Index No. 506587/2018

Plaintiff
Andrew S. Buzin, Esq. (abuzin&commat;buzinlaw.com)
Buzin Law, P.C.
3003 Purchase Street, P.O. Box 529
Purchase, NY 10577
212-879-8100
Defendants Peter Janczuk and Flushing Hospital Medical Center
Stephen C. Lanzone, Esq. (stephen.lanzone&commat;mcblaw.com)
Martin, Clearwater & Bell LLP
220 East 42nd Street
New York, NY 10017
212-916-0928
Defendants Chinyere Ajah as Executor of the Estate of Marcel Ajah
Kristen Scanlon, Esq. (kscanlon&commat;vlhlaw.com)
Vaslas Lepowsky & Hauss LLP
201 Edward Curry Avenue
Staten Island, NY 10314 718-761-9300
Defendant Kelvin Jack
William Watson, Esq. (wwatson&commat;omcdoc.com)
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP
1 Barker Avenue
White Plains, NY 10601
914-948-4500
Defendant Women Medical Health Care & Diagnostics, P.C.
[No representation recorded]

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF No.s
Supplemental Affirmations and Exhibits: 145-154, 155-160, 161-166, 167-172
Letter objecting to motions: 141-142
Mot. 4 (reference only): 106-121
Mot. 5 (reference only): 122-140
Defendants Peter Janczuk and Flushing Hospital Medical Center moved (Seq. No. 4) for summary judgment on December 31, 2024. Defendant Chinyere Ajah, as Executor of the Estate of Marcel Ajah, separately moved (Seq. No. 5) for summary judgment on December 31, 2024. Both motions were made on the 90th day after the Note of Issue was filed on October 2, 2024, exceeding 60 days.
Plaintiff raised objections to both motions for their untimeliness. As directed by the Court, all parties filed supplemental affirmations and presented oral argument before this Court on January 29, 2025, on the timeliness issue only.
This medical malpractice action was initially assigned to IAS Part 15 when its request for judicial intervention was filed in 2018. The case appeared for various motions and compliance conferences as a Part 15 case from March 2021 through March 2022. At some point prior to the Note of Issue, NYSCEF — the official court e-filing system — began to indicate the case had been assigned to Medical Malpractice Part 63. The Note of Issue was filed by Plaintiff on October 2, 2024, listing the Part 63 judge (Hon. Ellen Spodek) under "Name of Judge Assigned." When the instant summary judgment motions were processed by Motion Support, they appeared on the calendar of the undersigned justice, who currently presides over Part 15.
The Part 15 deadline for summary judgment motions is 60 days after the filing of the Note of Issue, consistent with the Kings County Supreme Court Uniform Civil Term Rules. This deadline may only be extended on consent or by leave of the Court upon good cause shown by the movants (CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]). The showing of good cause requires "a satisfactory explanation for the untimeliness," not a showing the motion is otherwise meritorious or non-prejudicial (Brill, at 652).
In their supplemental affirmations, counsel for the moving Defendants explain that they relied upon the Part Rules of the Hon. Ellen Spodek in Part 63, who permits 90 days for the filing of summary judgment motions. They claim that this belief was due to representations on NYSCEF which listed Judge Spodek as the assigned medical malpractice judge when the Note of Issue was filed. Defendants provide multiple screenshots and emails from the NYSCEF system dating back to October 14, 2022, which identified Judge Spodek, Part 63 as the [*2]"Assigned Case Judge." They also argue that the Note of Issue filed and drafted by Plaintiff on October 2, 2024 named Judge Spodek as the "Judge Assigned."
Defendants provide further official NYSCEF emails showing that Judge Spodek was named the "assigned judge" on e-filing notifications for the Note of Issue on October 2, 2024 and both summary judgment motions on December 31 2024. On January 3, 2025, Defendants claim they received a notification from NYSCEF for the first time that the case had been "assigned" to the undersigned judge (see NYSCEF Doc. 153).
In opposition, Plaintiff argues that Defendants' excuse amounts to law office failure and does not constitute good cause for an extension of time. They submit their own records from "eTrack" (another official Unified Court System site) which show the case was assigned to Part 15 judges when prior motions were filed in 2019-2021. Several decisions and compliance conference orders were issued by the undersigned justice's predecessor in Part 15. Plaintiff specifically points to a Preliminary Conference Order from March 2021, which included a directive to file summary judgment motions no later than 60 days after the Note of Issue "unless the Court directs otherwise." Both Defendants acknowledged this Order in their affirmations, but claim they believed it was superseded by the later assigned judge's Part Rules, citing Appleyard v Tigges (171 AD3d 534 [1st Dept 2019]). Plaintiff also argues that both movants "misrepresented in their [initial] attorney affirmations that their motions are timely" and thus cannot make a showing of good cause in their "reply" papers.
In light of the confusion over the applicable Part Rules when the motions were filed, the Court expressly permitted arguments to be made in supplemental affirmations to determine whether Defendants' excuse satisfies the holding in Brill.
The relevant question under Brill is whether Defendants have shown good cause to permit an extension of time to file their summary judgment motions. Although Plaintiff argues that the 60-day language in the Preliminary Conference Order is controlling in the absence of any other court directive, it is clear there were discrepancies in the official court website and e-filing services as to the assigned judge in this case. This was reflected in filings from all the parties in this action, including the Note of Issue drafted by Plaintiff.
Given these circumstances, the Court finds the Defendants' excuse is satisfactory and rises above a perfunctory claim of law office failure. Defendants have offered a detailed and credible explanation that they calculated their summary judgment deadline based on the representations on NYSCEF and by the opposing party. Their supporting exhibits include multiple notification emails from the official court e-filing system, as well as the Note of Issue drafted by Plaintiff containing the other assigned judge's name. Defendants reasonably relied on information provided by the court's own website and the apparent Part Rules of the other judge listed, and they "had no reason to believe that the information contained in the public web site was not correct" (Adika v Dramitinos, 74 AD3d 848, 849 [2d Dept 2010]). Additionally, Defendants had a reasonable excuse for not addressing the lateness in their initial moving papers, because at the time they believed the motions were timely filed. Based on these submissions, the Court finds Defendants have provided a satisfactory explanation for the untimeliness and have shown good cause to extend the summary judgment deadline pursuant to Brill.
Accordingly, it is hereby:
ORDERED that the summary judgment motions (Seq. No. 4 & 5) filed on December 31, 2024 are deemed timely; and it is further
ORDERED that both motions (Seq. No. 4 & 5) are adjourned to March 19, 2025; and it is further
ORDERED that substantive opposition to the motions shall be filed by March 5, 2025, and reply papers shall be filed by March 12, 2025.
This constitutes the decision and order of the court.
Dated: February 7, 2025
Hon. Consuelo Mallafre Melendez, J.S.C.